## MURRAY V. DENVER & R. G. R. CO.

1. In an action by an employee to recover damages against a railroad company for injuries sustained, the presumption is that the employer has discharged its duty to the employee, and the employee must overcome the presumption by showing negligence upon the part of the company.
2. It is a statutory ground of nonsuit under the code where a plaintiff fails to prove a sufficient case for the jury.

*Error to District Court of Arapahoe County.*

THIS action was brought in the district court by the plaintiff Murray, against the Denver & Rio Grande Rail-

road Company, to recover damages for injuries received while in the employ of the defendant on its road as a laborer. Judgment of nonsuit was entered against the plaintiff, who brings the cause to the supreme court by writ of error. It appears, from the evidence, that the plaintiff, with other laborers, was engaged in repairing the road of the defendant in a narrow and curving cut with steep banks; that a car, loaded with stone, in some way became detached from a construction train of the defendant, distant one-half a mile, more or less, from the cut; that it ran down the track and through the cut at great speed, coming into collision with a push-car near the plaintiff, and jumped the track. Plaintiff was injured more or less seriously, either by jumping against the walls of the cut, or by certain stones thrown from the car in passing; it does not clearly appear which. The plaintiff was nonsuited on the ground that the evidence failed to show negligence upon the part of the defendant.

Messrs. BROWNE and PUTNAM, for plaintiff in error.

Mr. EDW. O. WOLCOTT, for defendant in error.

ELBERT, J. The plaintiff, at the time of the injury complained of, was an employee of the defendant company. The evidence showed the accident and the injury to the plaintiff, but left the cause of the accident entirely unexplained. This was not sufficient to raise a presumption of negligence upon the part of the company. In actions of this character the presumption is that the employer has discharged his duty to the employee. It was for the plaintiff to overcome this presumption by showing negligence upon the part of the company. Wood, Mast. & Serv. §§ 368–382, and cases cited; *Railroad Co. v. Salmon*, 11 Kan. 83. This the plaintiff failed to do; the evidence does not fix liability upon any one. The cause of the accident is uncertain. It may have been the result of a defect, either latent or patent, in the machin-

ery or appliances used, and the defendant company may or may not have had notice of the defect; it may have resulted from the neglect of an incompetent fellow-servant, of whose incompetency the company had full knowledge or no knowledge whatever; or it may have resulted from some other cause possible in the field of conjecture. Upon this point the jury would have been left to speculation had the cause been submitted to them. There was a defect of proof which precluded the application by the court of any known rule of recovery. The plaintiff failed to "prove a sufficient case for the jury," and this is a statutory ground of nonsuit. Code Civil Proc. p. 48. The judgment of the court below is affirmed.

*Affirmed.*