[No. 5054.]
[No. 2619 C. A.]

THE MONARCH MINING & DEVELOPMENT CO. v. DEVOE.

1. **Master and Servant—Verdict—Motion.**

A motion for a directed verdict admits the truth of plaintiff's evidence and every legitimate inference which might be drawn from it.—P. 276.

2. **Same—Contributory Negligence—Question of Fact.**

It is only when the facts are undisputed and are such that reasonable, intelligent men can fairly draw but one conclusion therefrom, that the question of negligence or contributory negligence is ever considered one of law for the court; and where

a miner, employed in a mine, noticed that the untimbered por·
tion of the shaft in which he was working had an unsafe and·
somewhat shattered appearance, and looked as though rock could
fall at any time, but not as though it would fall, from the walls of
such shaft, the degree or character of the danger arising from
such defect, is a question of fact to be determined as other
facts in the case, and such question should be submitted to the
jury; the fact that plaintiff continued to work therein for two
days together with eight or nine more experienced men than
himself, and after receiving a promise from the superintendent
that such shaft would be timbered at once, does not, as a matter
of law, constitute contributory negligence.—P. 276.

3.   Same—Damages—Injuries to Servant—Assumption of Risk—
      Reasonable Time—Notice.

Where a miner was employed in a mine and two days prior
to the accident called the attention of the superintendent to the
dangerous condition of the shaft, which was not timbered the
lower twenty feet, and the latter promised to have it timbered
right away, the miner had a right to rely for a reasonable time
upon such promise; and by continuing to work, he did not as-
sume the additional risk so as to prevent recovery for injuries
received from a rock falling from such untimbered portion of
the shaft, as the time intervening the promise and the accident
was not unreasonable; nor is it necessary, generally', that the
servant notify the master at the time he makes complaint, that
he would leave the employment if the defect is not remedied.
—P. 280.

4.   Same—Negligence—Evidence—Sufficiency.

While in an action against an employer for damages for in-
juries received, it is absolutely essential to trace such injuries
to the negligence of the employer, in this case the gravamen of
the complaint is the failure of the employer to provide a reason-
ably safe place for the employee to work in, and this constituted
the negligence.   No one saw the accident, and from the very
nature of the case, it was necessary to rely on circumstantial
evidence.   The evidence proved the negligence of the employer;
the unsafe and dangerous condition of the lower 20 feet of the
shaft; the liability of the rock to fall therefrom; the properly
timbered condition of the remainder of the shaft; the injury
to the plaintiff by the falling of a rock down the shaft; the
nature of the injury; the rock that fell and the size thereof; and
from this the jury properly drew the conclusion that the rock
which injured plaintiff fell down the untimbered portion of the
shaft.—P. 287.

*Error to the District Court of Teller County.*
*Hon. Louis W. Cunningham, Judge.*

Action by William DeVoe against The Monarch
Mining and Development Company. From a judg-
ment in favor of plaintiff, defendant brings error.
*Affirmed.*

Mr. William J. Miles, for plaintiff in error.

Messrs. Temple & Crump, for defendant in
error.

Mr. Justice Maxwell delivered the opinion of
the court:

Defendant in error, 31 years of age, having had
about 4 years' experience as a miner, was employed
by plaintiff in error as a trammer at the Caledonia
mine in the Cripple Creek mining district.

The mine workings in which he was employed
consisted of a shaft 220 feet deep, from the bottom
of which a drift was driven. The shaft was timbered
with square sets of timbers. The first 100 feet were
tightly lined; the second 100 feet were lined so as to
partially cover the sides; the last 20 feet were wholly
unlined.

It was defendant in error's duty to take the
empty buckets from the hoisting cable in the shaft,
place them on a truck, run them to the breast of the
drift, load them, tram the loaded buckets to the shaft,
and attach them to the cable.

In taking an empty bucket from the cable it was
necessary for him to take hold of it by the rim to
settle it squarely on the truck.

While in the performance of this duty, his right
hand resting on the rim of the bucket, a falling rock
struck his hand, injuring three fingers so as to neces-
sitate amputation of the two middle fingers.

This suit is to recover damages for the injury occasioned thereby.

At the close of plaintiff's testimony, defendant, plaintiff in error here, moved a directed verdict which was denied.

The errors assigned and discussed are based upon this ruling.

The negligence charged was the failure to properly timber the shaft.

The defense was, contributory negligence and assumed risk.

The doctrine of assumed risk by an employee is settled in this jurisdiction. As applicable to the facts in this case it is thus stated in *Denver Tramway Co. v. Nesbit,* 22 Colo. 408, 411:

"An employee assumes all the risks naturally and reasonably incident to the service in which he engages, and those arising from defects or imperfections in the thing about which he is employed that are open and obvious, or that would have been known to him had he exercised ordinary diligence. By voluntarily continuing in the service with knowledge, or means of knowledge equal to his employer's, of any defect in the appliances or the machinery used, *and without objection, or promise on the part of the employer to remedy the defect,* the employee assumes all the consequences that result from such defect, and waives the right to recover for injuries caused thereby."

See also *Wells v. Coe,* 9 Colo. 159; *Iowa G. M. Co. v. Diefenthaler,* 32 Colo. 391; *Harvey v. Mountain Pride G. M. Co.,* 18 Colo. App. 234; *Dickson v. Newhouse et al.,* 34 Colo. 228.

All the authorities recognize an exception to the above rule, which exception is recognized by this court in the italicized portion of the foregoing quotation.

See also *Colo. Cent. R. R. Co. v. Ogden,* 3 Colo. 499; *B. & C. R. R. Co. v. Lieke,* 17 Colo. 280; *C. F. & I. Co. v. Cummins,* 8 Colo. App. 541.

*Hough v. Railway Co.,* 100 U. S. 224—a leading case—was an action by the representatives of a locomotive engineer against the railroad company. The negligence complained of and to which was attributed the death of the engineer, was the defective condition of the pilot of the engine, of which the engineer had given notice to the proper officers of the company, and they promised that it should be remedied.

Justice Harlan, in the course of the opinion, quoted with approval Shearman & Redfield on Negligence, §96:

"But there can be no doubt that, where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby, within such a period of time after the promise as it would be reasonable to allow for its performance, and, as we think, for an injury suffered within any period which would not preclude all reasonable expectation that the promise might be kept." Citing cases, and also the following from Cooley on Torts, 559: "If the servant, having a right to abandon the service because it is dangerous, refrains from doing so in consequence of assurances that the danger shall be removed, the duty to remove the danger is manifest and imperative, and the master is not in the exercise of ordinary care unless or until he makes his assurances good. Moreover, the assurances remove all ground for the argument that the servant by continuing the employment engages to assume the risks."

In *Indianapolis, etc., Ry. Co. v. Watson,* 114 Ind. 20, 27, cited by plaintiff in error, Judge Elliott states the rule and the exception as follows:

"The rule, which we regard as sound in principle, and supported by authority, may be thus expressed: The employee who continues in the service of his employer, after notice of a defect augmenting the danger of the service, assumes the risk as increased by the defect, unless the master, expressly or impliedly, promises to remedy the defect."

And again at page 32: "Where there is a promise to repair which induces the employee to continue in the service, then, doubtless, he may, for a reasonable length of time, rely on the promise and continue in the service, unless the danger of continuance, without a removal of the cause of it, is so great that a reasonably prudent man would not assume it."

See also *Conroy v. Vulcan Iron Works Co.*, 62 Mo. 35; *Mfg. Co. v. Morrisey,* 40 Ohio St. 148; *Mo. Furnace Co. v. Abend,* 107 Ill. 44, and Colorado cases above cited.

Here, the plaintiff testified, that a few days preceding the accident he noticed that the unlined portion of the shaft, about 15 feet from the bottom, had a somewhat shattered and broken appearance; that it looked dangerous; that two days before the accident, he told the defendant's superintendent that the shaft was not safe, and said: "Don't you think it ought to be lined clear down?" The superintendent replied: "Yes, and I am going to do it at once." "I am going to do it right away," that he continued to work in the shaft relying upon this promise; that at the time the injury was received he had not abandoned the expectation that the promise would be kept.

We think this promise of the employer brought the plaintiff within the exception to the rule above stated.

It is contended by plaintiff in error, that plaintiff's testimony disclosed that the danger was so great, continuous and imminent that plaintiff's continuance in the employment with knowledge of such danger was, *per se,* such contributory negligence as would prevent a recovery, and that where such imminent danger exists, there is no such thing as a reasonable time to repair, other than presently and before the work proceeds further.

The plaintiff testified, in substance, upon this point, that the shaft looked as though it was dangerous; "it had a somewhat shattered appearance"; he "did not consider it real safe"; that he had worked there 13 shifts preceding the accident and no rock had fallen; that 8 or 9 more experienced men than himself were using the shaft; that he did not expect it to fall until the superintendent would have time to timber it; that it did not look as though the whole shaft would cave in; that while it looked as though rock could fall at any time, it did not look as though it would fall.

The motion for a directed verdict admits the truth of plaintiff's evidence and every legitimate inference which might be drawn from it.

It is only when the facts are undisputed, as they are in this case, and are such that reasonable, intelligent men can fairly draw but one conclusion therefrom, that the question of negligence or contributory negligence is ever considered one of law for the court.

There have been repeated decisions by the courts of this state, as to when, in cases of this character, a court is warranted in granting a nonsuit or directing a verdict at the close of plaintiff's case.

The rule here established is, in substance, that the court must not invade the province of the jury, except in the clearest of cases, and will not grant a

nonsuit or direct a verdict unless the evidence, in the most favorable light in which it may be considered in behalf of plaintiff, shows that plaintiff was guilty of contributory negligence.—*Moffatt v. Tenney,* 17 Colo. 191; *R. R. Co. v. Martin,* 7 Colo. 599; *Lord v. Pueblo S. & R. Co.,* 12 Colo. 393; *Empson Packing Co. v. Vaughn,* 27 Colo. 66; *D. & R. G. R. R. Co. v. Spencer,* 27 Colo. 313; *Denver v. Soloman,* 2 Colo. App. 540; *Allen v. Florence & C. C. Ry. Co.,* 15 Colo. App. 213.

In *Denver v. Soloman, supra,* it is said:

"In order to justify the court in withdrawing the case from the jury, the facts of the case should not only be undisputed, but the conclusion to be drawn from those facts indisputable."

In *D. & R. G. R. R. Co. v. Spencer, supra,* this court said:

"When the question of negligence is dependent upon inferences to be drawn from acts and circumstances of that character that different intelligent minds may honestly reach different conclusions on the question, it is for the jury to determine, under appropriate instructions, whether or not negligence has been established. (Citing cases.) * * * When on the question of contributory negligence, the facts and circumstances are such that different minds may honestly draw different conclusions therefrom, on this subject, it is within the province of the jury to determine that question." (Citing cases.)

The only negligence, if any, imputable to plaintiff, was his continuance in the employment with knowledge that the danger arising from the defect complained of and which the master had promised to remedy, was so imminent, constant and great that no one but a reckless person, utterly regardless of his personal safety, would venture upon it. Thus the degree or character of the danger, arising from the

defect, became a question of fact to be determined as any other fact in the case.

Otherwise stated, the imminency of the danger, due to the defect, is a question of fact to be determined as any other fact in the case, upon the testimony adduced, and when the facts or circumstances presented by the testimony and the inferences to be drawn therefrom are such that honest, intelligent men may draw different conclusions therefrom, this question should be submitted to the jury.

Quoting again from *Hough v. Railway Co., supra:*

"We may add, that it was for the jury to say whether the defect in the cow-catcher or pilot was such that none but a reckless engineer, utterly careless of his safety, would have used the engine without it being removed. If, under all the circumstances, and in view of the promises to remedy the defect, the engineer was not wanting in due care in continuing to use the engine, then the company will not be excused for the omission to supply proper machinery, upon the ground of contributory negligence. That the engineer knew of the alleged defect was not, under the circumstances, and as matter of law, absolutely conclusive of want of due care on his part. * * * In such a case as that here presented, the burden of proof to show contributory negligence was upon the defendant."

"Running through all the cases examined on this subject is the principle that if the danger from continuing in the master's service is so imminent that no one but a person utterly reckless of his personal safety would venture upon it, the master is not responsible. Under such circumstances the law holds it to be negligence on the part of the servant that will bar any recovery in case of accident. It is, however, a question of fact to be found as any other

fact in the case, whether the servant is guilty of negligence by continuing to use defective machinery for a reasonable time for the fulfillment of the promise after the master has promised to make the needed repairs."—*Mo. Furnace Co. v. Abend,* 107 Ill. 44-53.

The inferences to be drawn from the facts that no rocks had previously fallen, and that 8 or 9 men, more experienced miners than plaintiff, presumably of ordinary intelligence and prudence, with facilities for discovering the defect in the shaft equal to those possessed by the plaintiff, used the shaft without complaint and without apprehending danger from the untimbered portion thereof, speak potently in plaintiff's behalf, upon the question of his prudence or recklessness.

We cannot say that the plaintiff's testimony and the inferences to be drawn therefrom disclosed that the danger from the defect in the lining of the shaft was so imminent that none but a reckless person, utterly careless of his safety, would have continued in the employment, and that, by so continuing in the service, relying upon the promise of the master, the plaintiff was guilty of such contributory negligence as would, as a matter of law, prevent recovery.

No authority has been cited, and we have found none, to the effect that mere knowledge of the defect itself, as matter of law, is conclusive of want of due care upon the part of the servant.

Having arrived at the conclusion that the undisputed evidence did not warrant the court in ruling, as matter of law, that the danger arising from the defect was so great, continuous and imminent, as to preclude a recovery by plaintiff, it follows, under all the authorities, that the master would have a reasonable time after complaint within which to remedy the defect, and, during such time, the plain-

tiff, relying upon the promise, did not assume the risk.

The plaintiff testified that he made complaint of the defect to the superintendent two days before the accident occurred; that he continued in the employment with the expectation that the promise made by the superintendent to remedy the defect would be complied with.

The time intervening the promise and the accident was not unreasonable, and it sufficiently appears that the promise induced the plaintiff to continue in the employment.

It is unnecessary that the servant notify the master, at the time he makes complaint, that he would leave the employment if the defect is not remedied.—*Rothberger v. N. W. Con. Mill. Co.,* 57 Minn. 461.

It is sufficient if it appears from the evidence that the promise of the master induced the servant to continue in the employment.—*Hough v. Railway Co., supra; Indianapolis, etc., Ry. Co. v. Watson, supra.*

It is said that there was an entire absence of proof as to the cause of the injury.

Plaintiff testified that, a short time previous to receiving the injury, he had cleaned up the loose rock and debris on the floor of the drift; that while his right hand was on the rim of the bucket, a falling rock struck it and caused the injury; that he did not see the rock; that no work was done in the drift after the injury was received until the next shift.

A witness called by plaintiff testified that he worked at the mine in question when plaintiff was hurt, but on the opposite shift; that he went to work on the first shift after plaintiff was hurt—the following morning—and made a search for the rock which was supposed to have hurt plaintiff's hand, and

found, right close to the shaft, some small rock—gravel—and one rock about two or three inches thick and six or eight inches long.

This was sufficient proof of the cause of the injury to submit the question to the jury under proper instructions, and did not invite the jury to invade the realm of conjecture, as contended by plaintiff in error.

*D. & R. G. Co. v. McComas,* 7 Colo. App. 121, cited in support of this proposition by plaintiff in error, owing to a dissimilarity of facts, is not in point.

We have very carefully examined the very large number of authorities cited by counsel for plaintiff in error. Many of them are clearly distinguishable from the case under consideration. A review of the authorities cited would unnecessarily prolong this opinion and accomplish no commensurate benefit.

The court did not err in refusing to direct a verdict.

The judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concurring.

*On Petition for Rehearing.*

Mr. JUSTICE MAXWELL:.

Plaintiff in error contends that the opinion contains an incomplete and imperfect statement of its contention, and that the conclusion based on such imperfect statement is unsound and ill-considered, and cannot be supported by the authority of a single case.

The statement, as contained in the original brief, is:

"The cause of the injury to the plaintiff is not disclosed by the evidence. Such injury is not shown to have been caused by the rock which 'fell out of the sides of the shaft.' "

Now the statement is: "Our contention, plainly stated as it was, is:

'(1) That the allegation that the rock which injured plaintiff "fell out of the sides of the shaft" which defendant had negligently left untimbered, was a material and ultimate fact upon which plaintiff's alleged cause of action rested, and (2) that, in the absence of specific evidence showing that the object which injured him did fall out of the sides of the shaft and could not and did not come from any other place, the defendant in error has failed to prove his cause.' "

In the original brief, two cases were cited from the courts of this state.

*D. & R. G. Co. v. McComas,* 7 Colo. App. 121, was an action by a brakeman to recover damages for injuries sustained by reason of an accident occasioned by the engine upon which he was riding running into a rock which had fallen upon the track. We quote from the opinion, supplying some portions of it omitted from plaintiff in error's brief, which we italicize:

"The plaintiff proved the general circumstances of the accident, and offered testimony tending to show the size of the rock, its presence on the track, and indicated, as near as might be, the place from which the rock came. He showed the widening of the gauge and the blasting. *The jury was then left to infer the company was negligent and careless in providing a safe way.* The rock was three to four feet in dimensions in every direction, and a hole was said to be visible on the bluff, some twelve or fifteen feet from the roadbed, about the size of the rock.

Nobody saw the rock fall, nor was there any satisfactory evidence produced to establish the place from which it came. Nobody took the trouble to go up and examine the hole, or make any measurements of it, or any examination wherefrom they could testify concerning the probable condition and situation of the rock prior to the time it fell on the track. * * * Manifestly, if the hole had been examined and measured, it would have been a relatively easy matter to determine with reasonable certainty whether the rock came from that hole or from further up the mountain. This was a very important matter in its bearing on the question of the negligence of the company. * * * It is thus apparent the only thing which the plaintiff did was to show there was a rock on the track and a hole in the bluff from which it might have come. *All these things might easily be true, and yet the company be guilty of no negligence in providing a safe way. * * * The plaintiff wholly failed to establish the negligence which fastened a liability on the company. * * * This statement very clearly demonstrates both the failure of the plaintiff to prove the company was negligent, and the successful effort of the company to establish the use of the requisite care in the management and maintenance of a dangerous portion of their road. We are therefore compelled to conclude the company was not shown to be negligent."*

Thus it is seen that the question under consideration and ruled in that case was not the failure to *prove the cause of* the accident, but the failure to prove the *negligence of defendant,* and the court held that there was not only no proof of negligence, but the absence of proof of facts from which negligence might be inferred.

In *Murray v. R. R. Co.,* 11 Colo. 124, plaintiff, with other laborers, was repairing a roadbed in a

narrow cut; a car loaded with stone became in some way detached from a construction train of the defendant, distant about one-half a mile from the cut. It ran down the track through the cut, coming into collision with a push-car, jumped the track, and the plaintiff received an injury.

This paragraph in the statement preceding the opinion is omitted from the statement of the case in plaintiff in error's brief:

"Plaintiff was injured more or less seriously, either by jumping against the walls of the cut, or by certain stones thrown from the car in passing; it does not clearly appear which."

The opinion is: "The plaintiff, at the time of the injury complained of, was an employee of the defendant company. The evidence showed the accident and the injury to the plaintiff, but left the cause of the accident entirely unexplained. This was not sufficient to raise a presumption of negligence upon the part of the company. In actions of this character the presumption is, that the employer has discharged his duty to the employee. It was for the plaintiff to overcome this presumption *by showing negligence upon the part of the company* (citing authorities). This the plaintiff failed to do; the evidence does not fix liability upon any one. The cause of the accident is uncertain. It may have been the result of a defect, either latent or patent, in the machinery or appliances used, and the defendant company may or may not have had notice of the defect; it may have resulted from the neglect of an incompetent fellow-servant, of whose incompetency the company had full knowledge or no knowledge whatever; or it may have resulted from some other cause possible in the field of conjecture. Upon this point the jury would have been left to speculation had the cause been submitted to them. There was a defect

of proof which precluded the application by the court of any known rule of recovery. The plaintiff failed to 'prove a sufficient case for the jury,' and this is a statutory ground of nonsuit.—Code Civil Procedure, page 48. The judgment of the court below is affirmed.''

In its final analysis, this case held that the presumption is that the employer has discharged his duty to the employee, and that the employee must overcome this presumption by showing the negligence of the employer.

We have carefully read the authorities, some fifty in number, cited by plaintiff in error in its brief in support of its petition for a rehearing, and are of the opinion that they are not in point. They all go to the principle that negligence, when relied upon, must be proved, or it may be inferred from facts proved, but never from conjecture.

It would be useless to review all of the authorities cited, but to sustain the conclusion we have arrived at, and to establish from the authorities cited the existence of the rule that it is within the province of the jury to infer the existence of a fact from proof of the existence of other facts, we here give pertinent excerpts from a few only of the cases cited in the brief in support of the petition for a rehearing, and dismiss the others with the statement that they do not support the contention of plaintiff in error.

''Everything relating to the cause and manner of the death of plaintiff's intestate is matter of pure speculation. Of course, the inference is warranted that he fell from the train and was run over; but no inference is deducible that the accident was attributable to any neglect or to any omission on the defendant's part with respect to that duty and care which the law requires of it. All that is positively known is the fact of the violent death of the intestate,

and that is not enough to authorize an inference of defendant's negligence.''—*Borden v. D., L. & E. R. Co.,* 131 N. Y. 671.

"The burden of showing negligence rests on the. plaintiff; and, before he can be entitled to a recovery, he must prove a state of facts that warrants the inference of negligence. He cannot rest his case upon facts as consistent with due care as with negligence.''—*Kincaid v. Oregon S. L. R. Co.,* 22 Ore. 35.

In *Douglas v. Mitchell,* 35 Pa. St. 440, the court approved an instruction containing this language:

"That as proof of a fact, the law permits inferences from other facts proved, but does not allow presumptions of facts from presumptions. A fact being established, other facts may be, and often are, ascertained by just inferences.''

"Evidence furnishing a reasonable basis for satisfying the minds of the jury that the clogging of the netting, through the negligence of the engineer in the management of the engine, was the proximate and operating cause of plaintiff's injury, would have been sufficient.''

In the absence of such evidence, the court, in this case, held the plaintiff not entitled to recover.—*Orth v. St. Paul M. & M. Ry. Co.,* 47 Minn. 384.

"A jury are not warranted in finding a fact established by a greater probability unless, also, the evidence satisfies them that the fact exists. The conclusion that it exists may be drawn from a preponderance of probabilities in its favor, but the probabilities must be such that the conclusion may be drawn, or it is not proved.''—*Dunbar v. McGill,* 64 Mich. 676.

"If all the circumstances attending the accident were in evidence, the mere absence of evidence of fault on the part of the person injured might justify an inference of due care. But where, as in this case,

there is an entire absence of evidence as to what Dolan was doing at the time of the accident, it is not enough to show that one conjecture is more probable than another. There must be some evidence to show that he was in the exercise of due care." —*Tyndale v. O. C. R. Co.,* 156 Mass. 503.

Plaintiff in error introduced no testimony at the trial. The statement of the testimony upon the point under consideration, contained in the original opinion, stands uncontradicted.

The *gravamen* of the complaint is the failure of the employer to provide a reasonably safe place for the employee to work in. This constituted the negligence of the employer.

The following facts were proved: The negligence of the employer; the unsafe and dangerous condition of the lower 20 feet of the shaft; the liability of rock to fall therefrom; the properly timbered condition of the remainder of the shaft; the injury to plaintiff by the falling of a rock down the shaft; the nature of the injury; the rock which fell and size thereof. From which facts, the jury, under proper instructions, given at the request of plaintiff in error, drew the just, reasonable and legitimate inference or conclusion that the rock which injured plaintiff fell out of the side of the untimbered portion of the shaft. Indeed, it seems to us that no other conclusion could have been drawn from such facts, and that such conclusion is indisputable.

No one saw the accident, hence it was impossible to produce direct testimony to the effect that the rock fell from the untimbered portion of the shaft. The very nature of the case made it necessary for plaintiff to rely upon circumstantial evidence to prove the cause of the injury; to prove facts from which a legitimate inference of the cause of the injury might be drawn by the jury.

This was done; the inference drawn by the jury was legitimate, and warranted by the facts proved. The petition for rehearing will be denied.

*Denied.*