## No. 8937.

### BUNDY, ET AL. *v.* WISCAMB.

CONTRIBUTORY NEGLIGENCE—*For Jury.* Action by servant against master for an injury attributed to negligence. Defense contributory negligence. The evidence being such that different minds might honestly draw different conclusions, *held* the question was for the jury and that defendant's motion for a directed verdict was properly denied.

*Error to the Denver District Court, Hon. Jesse C. Wiley, Judge.*

Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, Mr. GEORGE O. MARRS, for plaintiffs in error.

Mr. G. K. ANDRUS, Mr. RALPH R. ANDRUS, for defendant in error.

Opinion by Mr. Justice Allen.

This is an action brought by Ike Wiscamb, plaintiff be-

low, against E. E. Bundy and others, defendants below, to recover damages for personal injuries sustained by the plaintiff while in the employ of the above mentioned defendants, who operated a coal and wood yard under the name of The Bundy Coal Company.

The complaint charges the defendants with certain negligence, on which plaintiff's right to recover is based. The answer of the defendants includes a plea of contributory negligence on the part of the plaintiff. The jury found the issues in favor of the plaintiff. Judgment was rendered accordingly, and defendants bring error

The first and main contention of the plaintiffs in error is that the plaintiff below was guilty of contributory negligence, as a matter of law, and that a verdict should have been directed in favor of the defendants.

More or less relevant to the question of plaintiff's alleged contributory negligence, there was testimony to the following effect: On March 6th and 7th, 1915, one Edwards was engaged in sawing logs for the defendants, using a circular saw. The sawing machine was located at the side of a roadway which passed over the platform of the scales at the defendants' office. The platform scales were about 18 feet away from the saw. On the evening of March 6th, the plaintiff was directed by his employers, the defendants, to come to the yard the next morning and "go to work on the logs." The plaintiff in compliance with the order, appeared at the yard on the morning of March 7th, and "started off-bearing," that is, catching the sawed-off blocks and throwing them across the road. While plaintiff was thus at work, a team and loaded wagon, used in the coal business of the defendants, and in charge of one of their employees, came upon the platform of the scales, and soon thereafter, in leaving, passed on the roadway beside the saw machine. The plaintiff claims that when the team and wagon passed him at the saw, the wagon or wagon box

rocked and swung toward him, and by doing so, knocked him upon the saw, severely injuring him. No witness, other than the plaintiff, observed, or testified concerning, the manner in which the accident happened.

Prior to the accident, the plaintiff saw that the coal wagon in question had arrived upon the scales, and knew that the team and wagon would soon pass over the roadway, beside the saw machine. According to the plaintiff's testimony, he did not see the team start from or leave the scales, and after the team had started, the plaintiff had neither the time nor the opportunity to look for, or to take a position of safety, in any other manner than that in which he did attempt to do so.

The plaintiff testified that he did not see the wagon, after it left the scales, until the horses had passed him; that he then threw his arm up in an effort to grasp a brace upon the saw machine, and that if he had grasped it he would have been safe, but that he was struck by the wagon before he could reach the brace with his hand. It is plain from the evidence that the plaintiff could have avoided danger if, before the team arrived near the saw machine, he had stepped around the saw, and taken a position from two and a half to three feet from where he was standing, while doing his work. The plaintiffs' testimony, however, meets this fact by his statement to the effect that it was too late to seek this position after he found that the team had left the scales, and that had he attempted to do so he would have been knocked against the saw blade.

The scales being 18 feet from the saw machine, while the wagon was standing upon the platform of the scales the heads of the horses were probably about ten feet from where the plaintiff stood. Necessarily then, a very short time would elapse before the team would pass him after starting from the scales. During all of the time from the moment plaintiff first noticed the wagon at the scales, until the accident occurred, the saw machine was in operation, and logs were being sawed. Plaintiff's attention was con-

sequently directed to his work, and to the sawing operations. The evidence also shows that prior to the day of the accident the plaintiff had not worked at or with the saw machine, and that after having begun his work as off-bearer of the sawed blocks, the first and only time that a team came down or upon the roadway and by the saw was upon the occasion in question, when the accident occurred.

We cannot say that, from the undisputed facts in this case, reasonably intelligent men can fairly draw no other conclusion therefrom than that the plaintiff was guilty of contributory negligence. We are of the opinion that the evidence discloses a state of facts from which different minds may honestly draw different conclusions on the issue of contributory negligence. Under these circumstances the question was a matter for the jury to determine, and the trial court properly denied defendants' motion for a directed verdict based on the ground that the plaintiff was guilty of contributory negligence as a matter of law. *Catlett v. Colo. & So. Ry. Co.*, 56 Colo. 463, 471, 139 Pac. 14; *Phillips v. Denver Co.*, 53 Colo. 460, 128 Pac. 460; Ann. Cas. 1914 B 29; *Monarch M. & D. Co. v. De Voe*, 36 Colo. 270, 276, 85 Pac. 633; 29 Cyc. 631.

Other matters are discussed in the briefs, but none of them show reversible error.

The judgment is affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.