[No. 6925.]

## Gregoric v. Percy-LaSalle Mining and Power Co.

1. Master and Servant—*Master's Duties as to Place of Work*—The employer is required to use ordinary care to make the place where the servant works reasonably safe. The rule extends to the way by which the servant must go to and from his work, and to and from all places to which as the master knows or ought to know, the servant is accustomed to resort while at work, e. g., to and from the place where drinking water is kept, and to and from the water closet—(498).

Plaintiff's intestate, a miner employed in defendant's mine, was set to work at a place where he had never been before and of the dangers of which he was not informed. To reach the place he was required to pass through a wide stope, semi-circular in form, along an elevated railway track, planked for most of the distance, on both sides of the track, and between the rails, except where there was an open ore chute of twenty-five or thirty feet in depth. The track at one place made a sharp turn. The ore chute was neither guarded or lighted. The place had been in this condition for about three months. In going to the place of work the deceased followed other miners who were acquainted with the way. Later he left the place of work, carrying a lighted candle, the usual and only means of light provided, fell into the chute, and received the injury from which he died. *Held*, that plaintiff was entitled to go to the jury, and that to direct a verdict for defendant was error—(498).

2. ——*Servant's Assumption of Risk*—The servant assumes the risk of those dangers only of which he is informed, or by reasonable circumspection and care would have known—(499).

3. Contributory Negligence—*When for the Jury*—In actions for negligence the question whether plaintiff was guilty of contributory negligence is for the jury, where the evidence is such that different intelligent men may honestly draw different inferences therefrom—(499).

4. Bill of Exceptions—*Requisites*—Plaintiff's bill of exceptions contained no averment that it presented all the evidence; but it bore the certificate of the stenographer of the court to that effect, it was approved by defendant's counsel, and the judge's certificate stated that it was tendered to him with the request that it be signed, sealed, etc., "all of which is accordingly done"—(499, 500).

*Held*, to adopt the stenographer's certificate and in connection with the approval of defendant's counsel, sufficient to show that all the evidence was preserved—(499, 500).

*Error to Pueblo District Court.*—HON. C. S. ESSEX, Judge.

Mr. M. J. GALLIGAN, for plaintiff in error.

Mr. WILLIAM E. HUTTON and Mr. BRUCE B. MC-CAY, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error brought suit to recover damages sustained on account of the death of her husband claimed to have been caused by the negligence of the defendant. At the conclusion of the evidence on the part of plaintiff, the court directed a verdict in favor of defendant. The motion for such verdict was sustained by the court for the reasons, that the deceased had voluntarily gone into a place of danger, had assumed the risk of the injury which resulted in his death, and was guilty of contributory negligence. Plaintiff brings the case here for review.

The evidence, in substance, was, that deceased was employed by the defendant company, in the eleventh level of the mine it was operating at a point designated as "No. 3 Raise." In order to reach this point, it was necessary to pass through a stope. This stope was unusually wide, and semi-circular in shape. It was built or filled up with square sets placed on top of, and against each other. Over these sets, planks had been laid practically along the centre of the stope its entire length. The planking was of considerable width, but did not entirely cover the sets. There was, also, a track through this stope from the

raise where deceased was employed to what is designated the "Percy Incline." For most of the distance the planking was on both sides of the track. Between the rails of the track was an open ore chute some twenty-five or thirty feet in depth. The remainder of the space between the rails was planked. The chute was unprotected, nor was any light or other signal displayed to warn employes of its existence. It had been in this condition for about three months. The stope was dark, being only lighted by candles carried by employes: · The day deceased was injured, which resulted in his death, was the first time he had ever been employed in the raise or had passed through the stope in question. The track at one place made a sharp turn. In going to his work deceased went in with other employes entering the stope from the Percy Incline. One of these employes was in advance. The chute was between the turn in the track and the raise. In going in, the employes with deceased followed the track to near the point where the turn referred to exists, and then left it, walking on the boards which had been laid over the square sets to a point on the track beyond the ore chute which they followed to the raise. It does not appear that deceased knew of the existence of the chute or that he had been told that it was within the track. About three hours later he left the place where he was at work, carrying a lighted candle, and following the track, stepped into the chute and received injuries which resulted in his death. A candle lights but a comparatively small space. The purpose for which he left his place of work and followed down the track is not definitely disclosed. It appears that drinking water was kept at a place in the mine which employes could attain by following the track. This place was beyond the ore chute. It also appears that in order to reach the toilet room the same course had to be taken.

An employer is required to use ordinary care in providing a reasonably safe place for his employes to work in.—*Carleton M. & M. Co. v. Ryan,* 29 Colo. 401; *Burnside v. Peterson,* 43 Colo. 382; 17 L. R. A. (N. S.) 76; *Roche v. D. & R. G. R. R. Co.,* 19 Colo. App. 204.

This rule extends to ways of ingress and egress through which the employe must pass in going to and from his work, or to where water is provided for drinking purposes, or to a place provided for an employe to relieve his physical necessities.—2 Dresser's Employers' Liability, sec. 103; *Va. Bridge & Iron Co. v. Jordan,* 5 A. & E. Ann. cases, 709, (143 Ala. 603); see, also, authorities cited in note, 712; White on Personal Injuries, sec. 44; *Strobel v. Gerst Bros. Mfg. Co.,* 127 S. W. (Mo.) 421; White on Mines and Mining Rem., sec. 395.

Applying this rule, it is apparent that the court, on the testimony to which we have referred, erred in directing a verdict in favor of the defendant, for the reason that it was at least sufficient for the jury to consider under appropriate instructions whether negligence of the defendant was the proximate cause of the injury suffered by the deceased. The stope was the means of ingress and egress which the defendant provided for the use of its employed in going to and from their work, and also for the other purposes to which we have referred.

The ore chute was not guarded, neither was any signal displayed which would warn an employe of its existence. It does not appear that deceased knew of its existence. He had never been in the stope before. He was carrying a lighted candle at the time of his injury, which was the usual means for light provided for the use of employes when going through passages in the mine. He had not passed over this identical place in the track when going to his work a few hours previous. He only

assumed the risks from dangers which he knew existed or which, by the exercise of reasonable care, he could have ascertained. Risks resulting from the negligence of an employer are not assumed by his employe unless he is aware of the danger caused by such negligence, or by the exercise of reasonable care, should have had knowledge of such danger. To have voluntarily gone to a place of danger, deceased must necessarily have known of it, or by the exercise of legal care, discovered it, or its existence must have been obvious.

Contributory negligence which precludes a recovery for an injury must be such as cooperates in causing it, and without which it would not have happened. *Jackson v. Crilly,* 16 Colo. 103. From the facts established by the testimony on the part of plaintiff, the most that can be claimed is, that the question of whether the deceased was guilty of contributory negligence was one from which different fair minded men might honestly draw different conclusions. Where, in an action for a personal injury, the question of contributory negligence of the person injured is dependent upon inferences to be drawn from acts and circumstances from which different intelligent men might honestly reach different conclusions, it is for the jury to determine, under appropriate instructions, whether or not contributory negligence has been established.— *D. & R. G. R. R. Co. v. Spencer,* 27 Colo. 313.

On behalf of defendant it is contended that the bill of exceptions is not sufficient to permit a review of the directed verdict. In support of this contention, it is urged that the bill of exceptions does not purport to contain all of the evidence in the case, and that it does not appear therefrom that the bill of exceptions was certified and allowed by the judge. In support of these contentions, *The Big Kanawha Co. v. Jones,* 45 Colo. 381, is cited.

We do not think the case is applicable. Perhaps the certificate of the trial judge to the bill of exceptions is not a model. It appears from the bill that the official court stenographer certified that it contained a full, true and complete transcript of all the testimony and evidence offered and received on the trial of the cause. The bill was O. K.'d by counsel for defendant. The certificate of the judge is to the effect that the bill of exceptions was tendered to him with the request that the same be signed and sealed and made a part of the record, "all of which is accordingly done." We think by this certificate, the certificate of the stenographer that the bill of exceptions contained all the evidence, was adopted as correct, and that it thereby appears, in connection with the O. K. of counsel for defendant, that it was settled and allowed by the trial judge as the bill of exceptions in the case.

Numerous propositions are argued by counsel for defendant in support of his contention that the judgment should be affirmed, which we do not deem it necessary to consider in detail, as they all go to the one proposition of whether the testimony on the part of plaintiff was sufficient upon which to submit the case to the jury. The duty of an employer to furnish a safe place for his employes to work in extends to such parts of the premises as he has prepared for their occupancy while doing their work, and such other parts as he knows, or ought to know, that they are accustomed to use while doing it.— Labatt on Master and Servant, sec. 626 : *Harris v. United Steamship Co.*, 75 N. J. Law, 861 ; *Morris v. Burgess Sulphite Fibre Co.*, 70 N. H. 406.

The sole question presented in the record before us, is, whether the testimony on the part of plaintiff established facts from which it could be inferred that the failure of defendant to comply with this rule of law was the

proximate cause of the injury of deceased.  We think it was sufficient to require the court, at the proper time, to submit this question to the jury under appropriate instructions.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and Remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.