No. 9323.

## LOUTHAN v. PEET.

1. CONTRIBUTORY NEGLIGENCE—*When for the Court?* Only when it is beyond dispute that the proximate cause of the injury was the negligence of plaintiff.

2. ——*Sudden Peril.* Action for an injury occasioned by the reckless driving of an auto car. It appearing that but few moments elapsed between defendant's turning of a corner, so as to intercept plaintiff, an instruction as to one menaced by a sudden peril was sustained.

3. TRIAL—*Questions for the Jury.* Where negligence or contributory negligence depend upon the inferences to be drawn from the facts and circumstances in evidence, the issue must be left to the jury.

4. INSTRUCTIONS—*Covered by Other Points of the Charge,* as given, are properly refused.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. C. V. MEAD, Mr. CAESAR A. ROBERTS and Mr. LESLIE M. ROBERTS, for plaintiff in error.

Mr. WILLIAM MILES, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF brought suit to recover damages of the defendant caused by his alleged negligence. She was awarded $800.00. Defendant assigns error and brings the cause here for review.

The injuries complained of occurred when plaintiff was struck and run over by an automobile driven by defendant. Plaintiff and her son on foot were crossing Fourteenth Avenue toward the south, on the east side of Logan Street, Denver. Defendant in his automobile was coming north on Logan Street, and the machine struck plaintiff while defendant was endeavoring to turn east on Fourteenth Avenue. When defendant made the turn, plaintiff and her son had progressed a few feet into the avenue. It appears that the son, a young man of about sixteen years of age, attempted to cross ahead of the automobile. The mother hesitated, and then started to return to the sidewalk on the north side of the street. According to her testimony the automobile was then almost upon her, and to avoid being run over by the wheels she stepped between them, was knocked down under the machine, and dragged a short distance. When the automobile was stopped it had crossed the curb, and all four wheels were on the parking on the north side of the street. There was some testimony to show that defendant was driving at an excessive and illegal rate of speed, and that when he saw plaintiff crossing the street he placed his foot on the gasoline control, and not on the brake, causing the automobile to increase its speed, instead of checking it.

According to the testimony offered for defendant, he was compelled to turn to the right and cross to the north side of the street, contrary to the rules of the road, in order to avoid running over the son of plaintiff, who was some feet ahead of her. He testified that he bore to the right three times, in his efforts to get behind, and go around, both plaintiff and her son, and so avoid striking either of them. Other evidence tended to show that defendant was traveling within the speed limit, and that he exercised due care

and caution in turning the corner where the accident occurred.

Numerous errors have been assigned, but those chiefly discussed relate to the refusal of the court to direct a verdict for defendant, or to enter a non-suit, on the ground that it appears from the evidence that the injury was caused by contributory negligence on the part of the plaintiff. It has been repeatedly held by this court that generally questions of negligence are ones of fact for the jury. It is only where it has been established beyond dispute that the proximate cause of the injury was the contributory negligence of plaintiff, that questions of negligence or contributory negligence become questions of law for the court. *Colorado Midland R. Co. v. O'Brien,* 16 Colo. 219, 27 Pac. 701; *Denver Tramway Co. v. Reid,* 4 Colo. App. 53, 35 Pac. 269; *Lantry & Sons v. Silverman,* 1 Colo. App. 404, 29 Pac. 180; *McGonigle v. Kane,* 20 Colo. 292, 38 Pac. 367; *Farrier v. Colo. Springs Rapid Transit Co.,* 42 Colo. 331, 95 Pac. 294, 126 Am. St. Rep. 158. It is only in these exceptional cases, where ordinarily reasonable and intelligent men can draw but one inference from the testimony, that such questions are to be disposed of by the court. *Union C. & S. Co. v. Sunberg,* 36 Colo. 8, 85 Pac. 319; *Nichols v. R. R. Co.,* 44 Colo. 501, 98 Pac. 808; *Phillips v. Tramway Co.,* 53 Colo. 458, 128 Pac. 490, Am. Cas. 1914-B 29. On the other hand, where the question of negligence or contributory negligence can be determined only by the weight which might be given to different testimony, and the inferences to be drawn from the facts and circumstances of the case, the question is for the jury. *Rimmer v. Wilson,* 42 Colo. 180, 93 Pac. 1110; *Catlett v. Colorado Southern Ry. Co.,* 56 Colo. 463, 139 Pac. 14.

This rule was recently adopted and approved in *Union Pacific Ry. Co. v. Larson,* (Colo.) 178 Pac. 573, where the court quotes from *Headley v. D. & R. G. R. Co.,* 60 Colo. 500, 154 Pac. 1701, and comments as follows:

"Therefore, as was said in the *Headley* case, *supra*, at page 505: 'As the standard of duty in such cases is dependent upon the particular facts and circumstances of each, the question whether contributory negligence has been proven in a given case, is usually one for the jury. Nevertheless, such question in a particular case may become one of law and thus come within the province of the court, so that a particular verdict may and should be directed. Where the facts are such that reasonable men of fair intelligence may draw different conclusions, the question of contributory negligence must be submitted to the jury, for the finding is then of fact.' The record discloses a state of facts well calculated to produce a difference of opinion between intelligent and fair-minded men, as to whether plaintiff was reasonably prudent and careful or otherwise. The question of contributory negligence was manifestly one for the jury."

In the case at bar the controlling facts are in sharp conflict, and intelligent and reasonable men might well differ as to the moving cause of the injury. That question was therefore properly submitted to the jury.

Error is assigned upon the refusal to give an instruction in relation to the burden of proof being upon plaintiff to show by a clear preponderance of the evidence that the negligence of defendant was the cause of the injury. The refusal was not error, as the law is fully and correctly stated on that point in Instruction No. 10. Also, Instruction No. 12, as given, correctly instructs the jury to find for the defendant in case they should believe that the accident was caused by the mutual fault of the parties, and therefore it was not error to refuse to give an instruction tendered by defendant, which purported to cover that point. Instruction No. 7, as given, correctly states the law in reference to the matters covered by Instruction No. 8, tendered by the defendant, and the refusal to give that instruction therefore was not error.

Objection is also made to Instruction No. 8, as given,

covering the duty of one placed in sudden peril, on the ground that there is no evidence to justify it. As there is testimony to the effect that the time, from the moment that the automobile turned the corner until it stopped upon the parking on the opposite side of the street was no more than a few seconds, clearly the objection, on the ground stated, is not well taken.

The instructions given, taken as a whole, were sound and correct and also full and complete. Those tendered by defendant and refused by the court either do not fully and correctly state the law applicable to the facts to which it was sought to apply them, or are covered by the instructions given. As the record discloses no prejudicial error, the judgment should be affirmed.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.