No. 9493.

McDANIELS *v.* GEORGE SELL BAKING & CONFECTIONERY COMPANY ET AL.

PRACTICE IN ERROR—*Non-Suit.* Evidence sufficient to go to the jury having been submitted by plaintiff a judgment of non-suit was held error and reversed.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. ROBERT H. KANE, for plaintiff in error.

Messrs. GOUDY, TWITCHELL & BURKHARDT, Mr. FRANK B. GOUDY, Mr. J. A. MARSH and Mr. J. J. LIEBERMAN, for defendants in error.

Mr. Justice Burke delivered the opinion of the court.

PLAINTIFF in error brought this action against defendants in error for damages alleged to have been sustained by the death of her son, Harley McDaniels, ten years of age, who was thrown from his bicycle and killed in one of the alleys of said defendant city. Plaintiff alleged that defendant company, in violation of the city ordinances, had placed obstructions in the alley through which the boy was riding, which obstructions were the proximate cause of his death, and that the defendant city knowingly, carelessly and negligently permitted said obstructions to be so placed and there to remain. At the close of plaintiff's testimony

motions for non-suit were filed by both defendants and sustained by the court, and such further proceedings thereafter had that this cause is now regularly before us for review on error. It is only necessary here to determine whether there was such evidence introduced on behalf of plaintiff as required the submission of this cause to the jury.

No summary of the evidence could serve any good purpose here, or be used as a guide in future litigation. Neither is there occasion for a re-statement of the well established and uncontroverted legal principles which must be applied. It is only necessary to say that we have examined this entire record, including the original bill of exceptions, with great care, and are clearly convinced that there was sufficient evidence introduced in this case to go to the jury, and that the sustaining of the motions for non-suit was error. The judgment is accordingly reversed and the cause remanded.

Garrigues, C. J. and Teller, J. concur.