## No. 9720.

### MARTIN *v.* CARRUTHERS.

Decided January 10, 1921.

Action for damages growing out of a collision between automobiles.   Judgment for plaintiff.

*Reversed.*

1. PLEADING—*Sufficiency of Complaint.* Allegations of the complaint in an automobile collision case reviewed and held to state a cause of action.

2. AUTOMOBILES—*Law of the Road.* The law of the road requires each of meeting automobiles to turn seasonably to the right.

3.        *Negligence.* The fact that one of the parties was at the left of the road, unexplained and unjustified, is conclusive of negligence.

4. EVIDENCE—*Sufficiency in Auto Accident Case.* While it is true that the failure of plaintiff to carry two headlights as required by statute, if unexplained or unjustified, was negligence *per se,* nevertheless, a verdict for plaintiff will not be disturbed on that ground if there is room for two opinions under the evidence as to whether such negligence was a contributing cause to the collision.

5. TRIAL—*Questions for Jury.* In an auto accident case, whether plaintiff drove too fast or neglected to lower his speed, are questions of fact for the jury.

6. APPEAL AND ERROR—*Refused Instructions.* In an action involving an automobile collision at night, where it appeared from the undisputed evidence that plaintiff's car did not carry two headlights, defendant was entitled to an instruction as to the effect upon the case of that circumstance, and the refusal of the court to give such an instruction when requested, was prejudicial error.

7. PRACTICE—*Undisputed Facts not for the Jury.* It is bad practice to leave undisputed matters of fact to the jury as questions for their determination.

*Error to the District Court of Phillips County, Hon. L. C. Stephenson, Judge.*

Mr. W. D. KELSEY, Messrs. ALLEN & WEBSTER, for plaintiff in error.

Messrs. MUNSON & MUNSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

CARRUTHERS brought suit and recovered judgment below against Martin for negligence which resulted in an automobile collision on the road between Holyoke and Wray. Martin brings error and argues three points, First, that the amended complaint did not state a cause of action. Second, that the evidence is insufficient to sustain the verdict. Third, that Instruction No. 1, requested by the defendant, was wrongly refused.

As to the first, we think the complaint clearly states a cause of action. The essential allegations are:

That the plaintiff, in the night, was going south on the right hand or west side of the road, that defendant was going north on the same side of the road; that defendant drew a trailer, which was not known to the plaintiff; "that defendant, in total disregard of the law of the road, and the rights of the plaintiff and other travelers, continued on the wrong side of the road to a point close to the plaintiff before he undertook to turn out; that it was impossible for defendant to swing out of the road with his car a sufficient distance to carry the trailer which was behind the car out of said track located on the right hand side of the road, in which defendant was traveling when he approached plaintiff; * * * that by reason of the fact that defendant was traveling on the wrong side of the road, neglected to turn out and carried a trailer on his car, a collision occurred

without any fault on the part of the plaintiff."

This is not model pleading but unquestionably stated a cause of action. The law of the road requires each to turn seasonably to the right. In some states, as Maine and New Hampshire, this is by statute, but the statute merely enacts the law. *Wright v. Fleischman,* 41 Misc. Rep. 533, 85 N. Y. Supp. 62, Affirmed, 91 N. Y. Supp. 16; *Daniels v. Clegg,* 28 Mich. 32, 45.

The fact that a party was at the left of the road, unexplained and unjustified is conclusive of negligence. *Larrabee v. Sewall,* 66 Me. 376; Cooley on Torts, p. 666; *Neal v. Rendall,* 98 Me. 69, 73, 56 Atl. 209, 63 L. R. A. 668. See also *Brooks v. Hart,* 14 N. H. 307, 310; *Angell v. Lewis,* 20 R. I. 391, 39 Atl. 521, 78 Am. St. Rep. 881. An allegation that defendant negligently and carelessly stayed on the left hand side of the road to a point so close to the plaintiff that it was impossible for the defendant to turn out quick enough to give the plaintiff his right of way, would be a good statement of negligence, and we think the allegations above quoted were equivalent to it. A much better form for a complaint of this kind may be found in Archbold's Nisi Prius, 649. See also 13 Enc. Forms, pp. 37-39 and 2 Boone C. Pl. p. 309, form 394. The skillful use of approved forms of pleading expedites court business very greatly.

As to the second point the principal reliance of the plaintiff in error is that contributory negligence was practically uncontradicted. He correctly claims that the failure of the plaintiff to carry two lights, as required by the statute, if unexplained or unjustified, was negligence, *per se,* but there is room for two opinions under the evidence as to whether that negligence was a cause contributing to the collision. It follows that we cannot disturb the verdict on this ground.

Whether plaintiff drove too fast or neglected to lower his speed were questions of fact for the jury. *Muehlbauer v. Klokner,* 161 Wis. 410, 154 N. W. 624.

As to the third ground, we think the court should have given the instruction required. The wife of the plaintiff,

who was with her husband in his car, had testified that he had turned slightly to the right to avoid the defendant's car, and that, as he swung back into the track, he hit defendant's trailer, and it was claimed by defendant's counsel that the absence of the left headlight prevented plaintiff seeing the trailer in time to avoid it. There was also evidence that tended to show that the defendant was misled as to the position of plaintiff's car by the fact that plaintiff carried but one headlight. These were matters for the jury.

The defendant, in effect, requested the court to instruct the jury that the absence of plaintiff's left headlight, if the collision would not have taken place without it, either because it misled the defendant as to the location of plaintiff's car, or because it led the plaintiff to turn into the trailer, would prevent a verdict for plaintiff, but the instruction was refused. The defendant was entitled to an instruction as to the effect upon the case of a failure of the plaintiff to carry two headlights. This was a vital point in defendant's case, perhaps the strongest point in his defense, and its effect should have been made clear to the jury.

Instruction No. 8, which was given by the court, did not do this. It was as follows:

If you believe from the evidence in this case that the plaintiff's car was only equipped with one white light, and that defendant's car was equipped with two white lights, and that the plaintiff knew that the defendant was approaching the plaintiff's car in an automobile, and that plaintiff was driving his car at a great rate of speed, which would lead any reasonable person to apprehend danger of collision, and that the plaintiff seeing such condition in no manner attempted to avoid a collision by changing the direction of his car if the same could have been reasonably done, or reducing his speed, then the plaintiff is guilty of contributory negligence in this case and cannot recover.

This, in effect, said that if the plaintiff's car carried but one light, and if plaintiff was driving it at a great rate of speed, which would lead any reasonable person to appre-

hend danger of collision, and if plaintiff saw such danger and could reasonably have avoided a collision by changing direction yet did not do so, he could not recover.

It is true that under those conditions the plaintiff could not recover, but the instruction does not accurately state the law for the purposes of this case, because the failure to carry two white headlights, if it so contributed to the collision that the same would not have taken place without it, was in itself enough to preclude recovery by the plaintiff, regardless of any other matter of negligence; such was the effect of the instruction requested by the defendant and it should have been given. *Marsh v. Cramer,* 16 Colo. 331, 27 Pac. 169.

We again suggest that it is bad practice to leave undisputed matters of fact to the jury, as questions for their determination. Instruction No. 8 is open to this objection, in that it submits to the jury as a question the undisputed fact that one of plaintiff's headlights was missing. This is perhaps not prejudicial error in the present case but it should be avoided. *Colo. Spgs. Co. v. Cohun,* 66 Colo. 149, 180 Pac. 307. The refused instruction put the matter properly.

The judgment should be reversed and the case remanded for a new trial.

MR. JUSTICE TELLER and MR. JUSTICE SCOTT concur.