No. 10,133.

THE ROCKY MOUNTAIN FUEL COMPANY *v.* TUCKER.

Decided December 4, 1922.

Action for personal injuries. Judgment for plaintiff.

*Affirmed.*

1. NEGLIGENCE—*Safety of Premises.* It is the duty of one who directly or by implication invites others to go upon his premises, to see that they are in a reasonably safe condition, and to give warning of latent perils.

2.     *Question for Jury.*  Questions of negligence are generally within the province of the jury, which should not be invaded by the courts except in the clearest of cases.

3.     *Contributory Negligence.*  An act done, or failure to act, under such circumstances that an ordinarily prudent person would not have apprehended danger therefrom, does not in law amount to contributory negligence.

4.     APPEAL AND ERROR—*Fact Findings.*  Even though it may seem to the appellate court that the preponderance of evidence is contrary to the conclusion of the jury, a reversal woud not be justified on that ground.

*Error to the District Court of Gunnison County, Hon. Thomas J. Black, Judge.*

Mr. HARRY S. SILVERSTEIN, Messrs. NORTHCUTT, FREEMAN & NORTHCUTT, for plaintiff in error.

Mr. SPRIGG SHACKLEFORD, Messrs. CRUMP & RILEY, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS was an action by defendant in error against plaintiff in error for damages for personal injuries. Verdict and judgment were for the full amount of the demand. To review that judgment this writ is prosecuted. The parties are hereinafter designated as in the trial court.

Defendant owned and operated the Baldwin coal mine and incident thereto sold coal to persons in the vicinity. This coal was delivered through a chute into wagons, the raising of a gate presumably permitting it to slide out. The boiler house was located immediately beneath the chute, and a few feet above the chute was a sheave wheel around which passed a cable. This arrangement was used to draw slack coal into the boiler room and was operated, as necessity required, from the engine house. Plaintiff came for a load of coal and was told to get it at the chute where it was ready. When the gate was raised he found the coal stuck and climbed into the chute to loosen it with his feet.

To guard against the contingency of sliding out with the coal, and to steady himself while he loosened it, he seized the cable which was within easy reach. At that moment the operator in the engine house, out of sight of him and unconscious of his peril, started the machinery. Thus plaintiff's arm was drawn into the sheave wheel and the injury complained of was inflicted.

Defendant presents two principal contentions which raise the only questions here necessary to determine: First, that plaintiff was at a place where not invited by defendant, hence the latter owed him no duty; second, plaintiff was not only guilty of contributory negligence but his own conduct was the proximate cause of his injury.

Both these questions were, over defendant's objection, submitted to the jury. If there was evidence to justify that submission the verdict can not be disturbed.

Defendant's argument is based upon the following general propositions of law:

"No liability exists for unsafe condition of those parts of premises not intended for visitors or customers."

"The true rule is that plaintiff could go so far under his invitation as he, as an ordinary and reasonable man, was led to believe by defendant's words, and conduct, and from the facilities offered was in accordance with defendant's intention."

"Where the facts undisputably disclose that the negligence of plaintiff was the proximate cause of the injury the question is one of law for the court."

"Where the facts are clearly settled, and the course which common prudence dictated can be clearly discovered the court should decide the case as a matter of law."

With all of these we are in full accord.

It is also true that:

"An owner or occupant of lands or buildings who directly or by implication invites or induces others to go thereon or therein owes to such person a duty to have his premises

in a reasoably safe condition and to give warning of latent or concealed perils." 20 R. C. L. 55.

"Questions of negligence, as well as contributory negligence, are generally within the province of the jury, which should not be invaded by the courts except in the clearest of cases." *Lord v. Pueblo S. & R. Co.,* 12 Colo. 390, 393, 21 Pac. 148, 151.

"An act done, or a failure to act under such circumstances that a person of ordinary care, caution and prudence would not have apprehended danger therefrom, is not an act or failure to act, in law, as would amount to contributory negligence." *Indianapolis St. R. Co. v. Haverstick,* 35 Ind. App. 281, 74 N. E. 34, 111 Am. St. Rep. 163.

"If a person charged with contributory negligence is shown to have exercised that degree of care for his own safety which persons of ordinary prudence in like circumstances are accustomed to use, it may be declared as a matter of law that he is not guilty of such negligence." *William Laurie Co. v. McCullough,* 174 Ind. 477, 486, 90 N. E. 1014, 92 N. E. 337.

There is evidence in this record from which the jury might have concluded that plaintiff's method of loosening the coal was the natural one suggesting itself to an ordinarily prudent person, and the one usually followed by defendant's customers; that this fact was, or ought to have been, known to defendant; that plaintiff had no knowledge of the danger connected with the cable and sheave wheel; that an ordinarily prudent person, situated as he was, and knowing only what he knew, would have acted as he did; hence that defendant, by implication, had invited plaintiff into the place where he was injured; had discharged neither its duty to make that place reasonably safe, nor given warning of concealed peril, and that plaintiff was not guilty of contributory negligence. True there is ample evidence to the contrary, but this, though it may seem to us to amount to a preponderance, can not justify a reversal. *Hallack v. Stockdale,* 14 Colo. 198, 23 Pac. 340.

The judgment is affirmed.