No. 10,872.

DENVER ALFALFA MILLING AND PRODUCTS CO. *v.* ERICKSON.

Decided June 29, 1925.   Rehearing denied September 8, 1925.

Action for damages growing out of a collision between run-away horses and an automobile.   Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Negligence—Evidence.*  In an action for damages growing out of an automobile accident, the contention of defendant, that the evidence was insufficient to establish negligence on its part, held without merit.

2. NEGLIGENCE—*Jury Question.*  In an action for damages growing out of a collision between run-away horses and an automobile, under the facts disclosed, it is held that the question of negligence was properly submitted to the jury for determination.

3. HIGHWAY—*Animals.*  A person has no right to leave his horse in a public highway unless it is securely fastened or in charge of some competent person.

4. NEGLIGENCE—*Contributory—Law Question, When.*  It is only in the clearest of cases, when the facts are undisputed, and it is plain that intelligent men can draw but one inference from them, that the question of contributory negligence is one for the court.

5.    JURORS—*Misconduct—Effect.* When the misconduct of jurors and
witnesses has not been promoted by the prevailing party, his
agent, employes or friends, and is free from corruption, and
it does not appear that substantial prejudice has resulted, the
verdict will not be set aside on that ground.

6.       *Misconduct—Timely Objection.* Objection based on the mis-
conduct of jurors and witnesses should be made to the trial
court at the earliest opportunity, and in the instant case it is
held to be too late when first raised in the motion for a new
trial.

7.    NEW TRIAL—*Misconduct of Jurors—Court Discretion.* Disposition
of a motion for a new trial based on the ground of misconduct
of jurors and witnesses, is within the sound discretion of the
trial court, whose ruling will not be disturbed on review, unless
the discretion has been abused or the ruling is manifestly against
the weight of the evidence.

*Error to the District Court of Boulder County, Hon. Neil
F. Graham, Judge.*

Mr. GRANBY HILYER, Mr. T. A. McHARG, Mr. C. E.
SYDNER, for plaintiff in error.

Messrs. RINN & ARCHIBALD, Mr. HORACE N. HAWKINS,
Mr. EDWARD M. SABIN, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS was an action brought by Ida M. Erickson to re-
cover damages against the defendant for personal injuries
sustained by her while driving an automobile on the pub-
lic highway near Niwot, Boulder county, Colorado, on De-
cember 17, 1921, and caused by a run-away team of har-
nessed horses colliding with her automobile.

The record shows that the defendant owned and oper-
ated an alfalfa mill near Niwot, upon premises adjoining
the public .highway on the south, and connected with the
road by a large gateway opening into a yard for the in-

gress and egress of the hay wagons at the west end of the mill. The defendant had in use a large electric light, of intense power and brilliancy, at the west end of its mill, to light its premises, and so situated that the rays were reflected upon the highway for a considerable distance in a westerly direction. The plaintiff, with her mother entered upon this highway west of the mill and was proceeding eastwardly thereon on the right side of the road, in a Ford automobile driven by the plaintiff, at a rate of speed estimated at about twelve miles per hour, when defendant's team of harnessed horses, unattended, with their traces attached to single-trees and a double-tree dragging at their heels, ran into the plaintiff's automobile. The unattended team used by defendant in connection with its mill, was permitted to pass out of the yard through the gateway onto the highway. The bright electric light from the mill was shining in the face of the plaintiff and blinded her vision, but while she slackened the speed of the automobile, she did not bring it to a full stop, and, so far as the record shows, the occupants of the automobile did not see the run-away team of horses coming in their direction until the instant the horses collided with the car. The driver of the team left the horses unfastened and unattended in the yard near the gate, and when he saw the team leaving the yard for the highway he signalled them to stop, which they did not heed, but notwithstanding the fact that the horses did not stop upon the driver's signal, the driver made no further effort to arrest or regain control of them or prevent them from running loose and uncontrolled on the public highway, but with apparent unconcern continued at his work in the yard. The horses increased their speed upon the highway into a running gait, when they crashed head-on into the plaintiff's moving automobile.

The verdict of the jury was for the plaintiff, and the defendant brings the case here by writ of error to review the judgment entered thereon.

The contention that the evidence is insufficient to estab-

lish negligence on the part of the defendant is without merit. The question of negligence was properly referred to the jury for its determination under all the evidence and circumstances shown upon the trial. We have said that "the rule is well settled that a person has no right to leave his horse in a public highway, unless it is securely fastened or is in charge of someone competent to take care of it." *City of Denver v. Utzler,* 38 Colo. 300 310, 88 Pac. 147, 8 L. R. A. (N. S.) 77, 120 Am. St. Rep 108.

It is next contended that the court erred in refusing to direct a verdict in favor of the defendant, for the reason that the evidence showed that the plaintiff was guilty of contributory negligence directly contributing to the accident, without which the accident would not have happened. We do not think so. The intense electric light affixed to the mill prevented the plaintiff from seeing the moving team. She was rightfully on the highway. There was evidence that she was on the right side of the road and was driving slowly. But defendant says she should have stopped the automobile, because of the blinding light shining in her face, and her failure to stop directly contributed to the accident, without which it would not have happened. We cannot say that this constituted contributory negligence as a matter of law. "It is only in the clearest of cases, when the facts are undisputed, and it is plain that all intelligent men can draw but one inference from them, that the question is ever one of law for the court." *Phillips v. Denver,* 53 Colo. 458, 462, 128 Pac. 462, Ann. Cas. 1914B, 29.

The next inquiry for our determination is whether the misconduct of two of the jurors was such as to nullify the verdict. It appears that Jurors Bley and Wiedlick lived in Longmont, and that the highway where the collision occurred was the one used by them in going to and from the court house to attend the sessions of the court. While the two jurors were on their way home from court and while passing the place where the collision occurred,

they were stopped by two of the defendant's witnesses and employees, who pointed out on the highway the place of the collision and made statements of evidentiary matters to the jurors. It also appears that on the same day, and within a few minutes thereafter, and one day before the return of the verdict, one of the witnesses informed the manager of the defendant company of this occurrence between himself and the two jurors. On the following morning, when the two jurors were on their way back to attend the trial, they stopped of their own volition at the scene of the collision and made measurements of the width of the road. There is no evidence, however, that the measurements so made by the jurors conflicted in any way with the testimony given upon the trial, nor is there any evidence that those measurements, or the statements made by the defendant's witnesses to the jurors, were ever revealed by Bley and Wiedlick to their fellow jurors. Of this misconduct neither the plaintiff nor anyone connected with her had any knowledge prior to the return of the verdict. It also appears that one of the offending witnesses was the driver of the team who permitted the horses to escape and go upon the highway unattended, and although not so charged in the complaint, was a joint tort feasor.

This conduct of the defendant's employees and the jurors was gross misbehavior, but it is well established law that every instance of misconduct will not destroy a verdict. When the misconduct has not been promoted by the prevailing party, its agent, employees or interested friends, and is free from corruption, and it does not reasonably appear that substantial prejudice has resulted, the verdict will not be set aside. Thompson and Merriam on Juries, § 349; *Pettibone v. Phelps,* 13 Conn. 445, 450, 35 Am. Dec. 88; *Finlen v. Heinze,* 28 Mont. 548, 574, 73 Pac. 123. The misconduct in the instant case was not occasioned by the plaintiff, but was initiated and prompted by the witnesses and servants of the defendant. Nor does it appear that the jurors minds were biased by the improper conduct,

or that any evil effect resulted to the prejudice of the defendant. Under such circumstances, should the verdict be set aside? To so hold would work an injustice to the plaintiff for the misconduct and offenses of others. If the witnesses and servants of the defendant, or the jurors, improperly approached by them, violated their duty, the wrongdoers ought to be made to suffer, and not the innocent sucessful party to the cause, who was in no way accessory to the misconduct. Of course, it is the duty of the courts to preserve the purity of trials by jury, but to deprive a party of a verdict because jurors have been improperly spoken to about the case by interested witnesses of the unsuccessful party, who suffered no prejudice, would seem hardly compatible with the due administration of justice. The unsuccessful party, its servants, witnesses and friends, ought to be made to know and feel that they may lose, but cannot gain, by such misconduct.

The objection to the misconduct of the jurors and to the misconduct of the witnesses, was not called to the attention of the trial court by the defendant at the earliest opportunity possible before the delivery of the verdict, but appears to have been made for the first time in its motion for a new trial. We are of the opinion that this was too late. *Easley v. Missouri Pac. Ry. Co.*, 113 Mo. 236, 20 S. W. 1073; *Belcher v. Estes*, 99 Me. 314, 59 Atl. 439; 2 Thompson on Trials, § 2613; 29 Cyc. 955.

Judge Thompson says, in his work on Trials, section 2613: "In pursuance of the maxim, *Omnis consensus tollit errorem,* the consent of the unsuccessful party in a civil case, to an irregularity in the conduct of a jury, will always estop him from claiming a new trial on that ground. Moreover, if he is cognizant of the irregularity, and does not avail himself of the first opportunity to call the attention of the court to it, he thereby *waives* any right to make it the ground of an objection. If he fails to do this, he cannot raise such an objection for the first time by motion for a new trial. The rule proceeds upon the ground that the party ought not to be permitted, after

discovering an act of misconduct which would entitle him to claim a new trial, to remain silent and take his chances of a favorable verdict, and afterwards, if the verdict goes against him, bring it forward as a ground for a new trial."

When the charges of misconduct were brought to the attention of the court by the motion for a new trial, a protracted hearing was had, and the offending jurors and other witnesses were orally examined by the court, after which the court found that the verdict should be sustained and the motion for a new trial denied. From our examination of the record we discover no abuse of discretion. We have said that in such cases, unless the finding of the court was manifestly against the weight of the testimony, or its discretion was abused, we cannot disturb its finding. *Liutz v. Denver Tramway Co.,* 54 Colo. 371, 379, 131 Pac. 260.

We find no error in the instruction given to the jury or in the refusal of the court to give the requests made by the defendant.

The record discloses no prejudicial error, and the judgment is therefore affirmed.

Mr. Chief Justice Allen and Mr. Justice Denison concur.