[No. 19685.  Department Two.  May 12, 1926.]

A. W. JOHNSON, as Administrator of the Estate of Henry C. Jones, Deceased, Respondent, v. AUTO INTERURBAN COMPANY, Appellant.[1]

[1] HIGHWAYS (52, 57)—NEGLIGENT USE OF MOTOR VEHICLES—ACTIONS—EVIDENCE—SUFFICIENCY. It must be held as a matter of law that a bus driver was not negligent in running over a man prostrate on the pavement, outside the limits of a city, where he could not see the man in time to avoid the accident, owing to the glaring headlights of another car stopped on the highway.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered May 12, 1925, upon the verdict of a jury rendered in favor of the plaintiff in an action for wrongful death. Reversed.

Anthony W. Dolphin (Poe, Falknor, Falknor & Emory, of counsel), for appellant.

Paul H. Graves and Arnold L. Graves, for respondent.

MITCHELL, J.—This action was brought to recover damages for the alleged negligent killing of Henry C. Jones by the Auto Interurban Company, a corporation. The defendant has appealed from a judgment on a verdict in favor of the plaintiff.

The appellant, as a common carrier, operates an automobile bus line over a paved highway between Spokane, Washington, and Coeur d' Alene, Idaho. The accident occurred after dark on the evening of February 22, 1924, about two miles west of Coeur d' Alene, as appellant's bus was being driven to that city from Spokane. There was no conflict in the evidence as to how the accident happened. One R. M. Hooper, travel-

[1]Reported in 245 Pac. 920.

ing in a Ford automobile with bright glaring head-
lights, traveling west towards Spokane, upon reaching
the place of the accident, observed Jones lying on the
southerly side of the paved highway. Stopping or
checking his car, he asked Jones what was the matter
with him, to which Jones promptly answered, "Noth-
ing," and that Hooper told him he should get up and
away from there, or he was apt to be injured by a pass-
ing car, to which Jones replied that he was able to take
care of himself. Jones' tone of voice and answers in-
dicated that he was in a normal condition. Thinking
it might be a hold-up, as Hooper testified, he started
on, but, upon a moment's reflection, thinking that the
man might be injured, he decided upon making further
investigation by going back to him. He again stopped
his car at a distance estimated at from twenty-five to
forty feet from where the man lay. His car was on the
right hand or northerly side of the highway facing
west, and it appears that its position was such that its
headlights shone somewhat to the left, diagonally
across the pavement. Upon getting out, he noticed the
appellant's bus which was using sufficient but less effec-
tive headlights, at a distance variously estimated at
from one hundred to two or three hundred feet, coming
easterly on its right hand side, or the southerly side, of
the pavement.

Hooper testified that, fearing he would not have
time to remove the prostrate man, he attempted to stop
the bus by waving his hand. The bus was traveling
at the ordinary speed of twenty-five to thirty miles an
hour. In attempting to attract the attention of the
driver of the bus, Hooper started from a point behind
the flood of light from his own car and was not observed
until, having advanced a few steps, the waving of his
hand through that stream of light was first observed,
or capable of being observed, by the driver of the bus

and his passengers, at which time the front of the bus was about alongside of the front of Hooper's automobile. The driver of the bus carefully and promptly checked the speed of his car, but not in sufficient time to prevent running over the man still lying on the pavement. The testimony further shows that the form of the prostrate man could not be seen by the driver of the approaching bus until after the glaring lights of the Ford automobile had been passed. This version of the accident comes from disinterested witnesses, in addition to the testimony of the bus driver, as to his conduct on that occasion.

[1] The accident occurred on a highway some two miles from the nearest town or city, and we think it must be held, as a matter of law, as counsel for the appellant insisted at the trial, that the evidence is not sufficient to show negligence on the part of the bus driver. It cannot be said that, at such a time and place, the operator of a public service vehicle, in the exercise of due care, must stop or suspend his service, because of the momentary and transient interference caused by the glaring headlights of another automobile, in the absence of some reasonable and timely notice or reasonable opportunity for the observation of danger immediately beyond.

Reversed, with directions to enter a judgment for the appellant, dismissing the respondent's action.

TOLMAN, C. J., MACKINTOSH, MAIN, and PARKER, JJ., concur.