No. 12,210.

Goody-Courter Coal Co. *v.* Connor.

Decided January 21, 1929. Rehearing denied February 18, 1929.

Mr. A. B. Bouton, for plaintiff in error.

Mr. J. W. Kelley, Mr. J. D. Kelley, for defendant in error.

*Department Two.*

Mr. Justice Moore delivered the opinion of the court.

We refer to the parties as they appear in the lower court. Plaintiff brought suit against the defendant corporation for damages to plaintiff's automobile occasioned by the alleged negligence of the driver of defendant's coal truck. At the close of plaintiff's case defendant moved for a nonsuit for the reason that the plaintiff was guilty of contributory negligence as a matter of law. This motion was overruled and exceptions noted. The case was submitted to the jury; a verdict rendered for the plaintiff and a judgment entered thereon. The case is now presented to this court upon 26 assignments of error, only two of which need to be considered: First. Was the plaintiff guilty of contributory negligence as a matter of law? Second. Was the conduct of plaintiff's attorney prejudicial to the rights of the defendant?

1. The testimony discloses that the plaintiff was driving his Nash sedan westerly on Twelfth avenue approaching Downing street; that the driver of defendant's coal truck was approaching Twelfth avenue traveling south; that another truck owned by the Turner company was approaching Downing street traveling east on Twelfth avenue; that the driver of defendant's car had the right of way over the plaintiff; that the driver of the Turner truck had the right of way over the defendant; that the plaintiff proceeded to cross the intersection of said streets and had reached a point approximately six or

eight feet beyond the west curb line of Downing street extended when the left front of defendant's truck struck the right rear portion of plaintiff's automobile pushing it into the left front portion of the Turner truck.

A careful examination of the record discloses substantially conflicting testimony as to the rate of speed, relative positions and operation of the three cars and the exact point of collision. Therefrom reasonable men could determine differently the proximate cause of the damage to plaintiff's car. Under these circumstances the lower court submitted the question of contributory negligence to the jury under proper and sufficient instructions.

This court has repeatedly held that the question of contributory negligence is one for the jury where from the evidence intelligent men may honestly and reasonably differ as to what the facts disclose concerning the same. *Arps v. Denver,* 82 Colo. 189, 257 Pac. 1094; *Denver Alfalfa M. & P. Co. v. Erickson,* 77 Colo. 583, 239 Pac. 17; *Phillips v. Denver City Tramway Co.,* 53 Colo. 458, 128 Pac. 460; *Louthan v. Peet,* 66 Colo. 204, 179 Pac. 135; *Janeskie v. Kaib,* 76 Colo. 148, 230 Pac. 392; *Colo. Mid. Ry. Co. v. Brady,* 45 Colo. 203, 101 Pac. 62; *Monarch Min. & Dev. Co. v. DeVoe,* 36 Colo. 270, 85 Pac. 633; *Denver & R. G. R. R. Co. v. Spencer,* 27 Colo. 313, 61 Pac. 606; *Gregoric v. Percy-LaSalle M. & P. Co.,* 52 Colo. 495, 122 Pac. 785; *Vindicator Cons. G. M. Co. v. Firstbrook,* 36 Colo. 498, 86 Pac. 313; *Williams v. Sleepy Hollow Min. Co.,* 37 Colo. 62, 86 Pac. 337; *McDaniels v. George Sell B. & C. Co.,* 68 Colo. 202, 187 Pac. 731.

2. An examination of the record discloses no substantial prejudicial error occasioned by the conduct of plaintiff's counsel.

Supersedeas is therefore denied and the judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BURKE and MR. JUSTICE BUTLER concur.