INDIANAPOLIS GLOVE ·COMPANY *v.* FENTON.

[No. 13,326.   Filed April 19, 1929.]

*Joseph W. Hutchinson* and *Means & Buenting,* for appellant.

*Carey & Cox,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages for a personal injury claimed by appellee to

have been sustained by him by reason of the negligence of appellant.

The complaint was in two paragraphs. Appellant filed a demurrer to each paragraph, which demurrers were overruled by the court. Answers in general denial were thereupon filed.

The cause was submitted to a jury, which returned a verdict for appellee, assessing his damages in the sum of $12,000. Upon the filing of a motion for a new trial, the court below made a ruling to the effect that if appellee would remit $4,000 of the judgment, the motion would be overruled, and otherwise it would be sustained. Appellee remitted $4,000, and the court thereupon overruled the motion for a new trial and judgment was rendered for $8,000. From this judgment this appeal is prosecuted.

The errors relied upon for reversal are: (1) Overruling the demurrer of appellant to the first paragraph of the complaint; (2) overruling demurrer of appellant to the second paragraph of the complaint; (3) overruling appellant's motion for a new trial.

The first paragraph of the complaint is, in substance, that on April 12, 1927, an automobile truck of appellant was being driven by one of its employees, acting within the scope of his employment, west along the National highway, in Hancock county, towards Indianapolis; about 10:15 o'clock p. m. and during the progress of a hard downpour of rain, appellant, by its said employee, negligently stopped and parked said automobile truck within said highway, and negligently suffered and allowed it to remain upon the paved portion thereof and with the right side of said truck five feet from the right and north side of the paved portion thereof; it was a large truck equipped with a body seven feet wide or more, and over the body thereof was carried a large tarpaulin, which, while said truck was standing parked,

appellant negligently allowed to hang down over the rear thereof, which covered and completely hid and obscured the tail-light thereof. As said truck was parked and standing, the greater portion of the pavement of said highway was occupied by it; the tail-light was completely hidden and obscured from sight, and while said truck was negligently allowed by appellant so to remain standing, the automobile in which appellee was riding approached from the east, and was proceeding west within said highway, along the north and paved portion thereof; as said automobile in which appellee was riding approached the truck of appellant, another automobile was approaching from the west, along the south portion of the pavement of said highway, and with the tail-light of the truck completely hidden and obscured, the driver of the automobile in which appellee was riding could not and did not see said truck, or know or have reason to know that it was standing as aforesaid until within a few feet of and immediately upon it and too near the same to stop and thereby avoid a collision with it; in order to avoid a collision with said truck, it was necessary for the driver of the automobile in which appellee was riding to turn and swerve it to the left and south of said truck, and said driver of said automobile did turn to the left and south of said truck, and, as said driver of said automobile did turn to the left and south of said truck, said automobile collided with said truck and with the other automobile which was approaching from the west, which said collision was with great force, impact and violence, and thereby injured appellee, for which he demands damages.

The second paragraph is, so far as here involved, substantially the same as the first.

Appellant contends that the complaint shows on its face that the driver of the automobile in which appellee

was riding was guilty of contributory negligence, because he could not and did not see appellant's truck, or have reason to know that it was parked and standing with its right side five feet from the right side of the pavement, contending that it was the driver's duty under the law to have lights that would enable him to see any person or object on the highway straight ahead of such motor vehicle for a distance of 200 feet. It is not a strained construction of the statute, §10129 Burns 1926, to say that it was not intended to apply to such unusual conditions and circumstances as here confronted the driver of the machine in which appellee was riding. Appellant's truck, by the averments of the complaint, was standing near the center of the pavement, covered with a tarpaulin, which, as a matter of common knowledge, is near the color of the pavement on which the truck was parked, and which was allowed to hang over the tail-light, thereby hiding its light. While the truck was so standing, and during a hard downpour of rain, an automobile approached from the west, with its lights, of course, shining through the rain. We do not need to tell drivers of automobiles of the blinding effect of such a situation, and of the difficulty of seeing objects in front under such circumstances. There is hardly a doubt that had the tail-light with its red light been exposed, it would have prevented the accident. The complaint does not show contributory negligence on its face, and the court did not err in overruling the demurrer thereto.

Appellant attempts to present error in the admission of certain evidence, but its objections thereto are not set out in the statement of the record.

Appellee forcefully contends that the instructions are

not in the record because of the alleged failure of appellant to comply with the statute, but we do not need to consider this objection, for, even if they were properly in the record, appellant has not set them out in its brief as required by clause 5, of Rule 22 of the rules of the Supreme and Appellate Courts. We have, however, read the alleged instructions concerning which appellant challenges the action of the court, and we discover no reversible error in the court's action. The evidence is ample to sustain the verdict.

Judgment affirmed.

Remy, J., not participating.