No. 12,435.

Sprague *v.* Herbel.
(6 P. [2d] 930)

Decided December 28, 1931.

Messrs. Swerer & Johnson, for plaintiff in error.

Mr. Benj. A. Woodcock, for defendant in error.

Mr. W. W. Grant, Jr., Mr. Erl H. Ellis, Mr. Morrison Shafroth, Mr. Henry W. Toll, amici curiae.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

G. F. Herbel recovered judgment in the sum of $300

and costs against A. M. Sprague in the county court of Weld county for damages to his automobile claimed to have been caused by defendant's negligence in permitting a motor truck to remain after dark and without lights upon the traveled portion of a county road near La Salle, Colorado. The suit originated in the justice court and was appealed to the county court by the defendant and there by agreement tried to the court de novo, and without written pleadings.

The record presents the single question: Was the plaintiff guilty of contributory negligence as a matter of law?

The son of the plaintiff testified that he was driving his father's automobile toward Greeley on a county public road about two miles from La Salle and ran into defendant's truck which had a flat tire and had been left by defendant unlighted on the traveled portion of the road after nightfall.

In this connection he testified:

"Q. Will you state what happened on that evening? A. Well, I was coming along into La Salle, about two miles out of town yet. As I was coming along the road there was a car coming from the north. As I was going north when this car passed me—when we passed one another—I seen a truck right in front of me and I turned out as short as I could in order to miss it, but it caught one side of my car and tore it all out.

"Q. What effect, if any, did this other car's lights have upon you? A. Well, they was pretty bright lights. I couldn't see out ahead very far enough to see the road good.

"Q. How far were you from the truck in your estimation, when you first saw the lights coming toward you? A. I seen the other car lights as soon as I turned the corner.

"Q. How far was that from the truck? A. Probably a mile and a half; something like that.

"Q. As you came towards this light did the man who was driving this other car dim his lights? A. No.

"Q. Did you dim your lights? A. No, I didn't.

"Q. And you say you were blinded by his head lights? A. I wasn't blinded but I couldn't see very far ahead."

On cross-examination, he stated:

"Q. You must have been blinded by those lights weren't you? A. Well, yes.

"Q. And you still kept on driving without slacking up your speed even though you were blinded by the lights? A. No, I slowed up.

"Q. How fast were you going when you struck the truck? A. About thirty.

"Q. And before you were going about how fast? About forty-five miles an hour? A. No. About thirty-five maybe a little less; I didn't just watch my speedometer.

"Q. At the time you were within ten feet of the truck you were going thirty miles an hour? A. Somewheres about that.

"Q. You couldn't see the truck until you were ten or twelve feet from it? A. No."

Defendant contends that this testimony, standing in the record undisputed, conclusively proves that plaintiff was guilty of contributory negligence as a matter of law. He argues that one who suffers damage while driving his automobile in such a manner that it cannot be stopped within the range of his vision fails to exercise reasonable care; that all such cases should be withdrawn from consideration of the jury and recovery denied and that the establishment of such a fixed rule of law would result in greatly decreasing the number of accidents attributable to its violation.

█ The question here involved has been frequently considered and determined in many jurisdictions. The decisions are in irreconcilable conflict. Speaking generally, these may be divided into two classes: First. Those which follow the rule announced in *Murphy v.*

*Hawthorne,* 117 Ore. 319, 244 Pac. 79, 44 A. L. R. 1397, holding that contributory negligence is for the jury. Second. Those following the doctrine announced in *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629, that one who drives at a speed which will not enable him to stop within the range of his vision is guilty of contributory negligence as a matter of law.

In *Murphy v. Hawthorne, supra,* plaintiff continued to drive his automobile at a speed of twenty-five miles an hour, notwithstanding his vision was obstructed by dust "kicked up by a passing bus" and collided with defendant's truck parked on the right side of the highway without any light. Therein the court, after refusing to follow the rule announced in *Lauson v. Fond du Lac,* stated at page 322: "Each case must be considered in the light of its own peculiar state of facts and circumstances. After all, the test is: What would an ordinarily prudent person have done under the circumstances as they then appeared to exist? Can we say that all reasonable minds would reach the conclusion that plaintiff failed to exercise due care to avoid this collision? We think not. Plaintiff had a right to assume, in the absence of notice to the contrary, that defendant would not put this dusty, gray-colored truck on the highway after dark without displaying a red light on the rear thereof. If the truck had been lighted, the jury might well have drawn the reasonable inference that plaintiff would have been able to avoid striking it."

This identical question was urged in the case of *Arps v. Denver,* 82 Colo. 189, 257 Pac. 1094, in which case all the authorities from other jurisdictions here presented, except those decisions subsequently announced and which are similarly conflicting, were before the court, and there we determined to follow the rule as announced in *Murphy v. Hawthorne, supra.* Some of the later decisions supporting this rule are *Tresise v. Ashdown* (1928), 118 Ohio St. 307, 160 N. E. 898, 58 A. L. R. 1476; *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482

and note; *Johnson v. Auto Interurban Co.*, 139 Wash. 132, 245 Pac. 920; *Powell v. Schofield* (1929), 223 Mo. App. 1041, 15 S. W. (2d) 876; *Parenteau v. Parenteau* (R. I.) (1931), 153 Atl. 872; *Moyer v. Vaughan's Seed Store* (1926), 242 Ill. App. 308; *Mostov v. Unkefer* (Ohio) (1927), 157 N. E. 714; *Williams v. Frederickson Motor Express Lines* (1930), 198 N. C. 193, 151 S. E. 197; *Hickerson v. Jossey* (1929), 131 Ore. 612, 282 Pac. 768, 283 Pac. 1119; *Ross v. Gearin* (1930), 145 Okla. 66, 291 Pac. 534; *Stanger v. Hunter* (1930), 49 Ida. 723, 291 Pac. 1060; *McMoran v. Associated Oil Co.* (1927), 144 Wash. 276, 257 Pac. 846; *Indianapolis Glove Co. v. Fenton* (1929), 89 Ind. App. 173, 166 N. E. 12; *Sawdey v. Rasmussen Co.* (Cal.), 290 Pac. 684; *Owens v. Iowa County*, 186 Ia. 408, 169 N. W. 388; *Waynick v. Walrond* (Va.), (1930), 154 S. E.. 522, 70 A. L. R. 1014; *Coca Cola Bottling Co. v. Shipp* (1927), 174 Ark. 130, 297 S. W. 856.

The A. L. R. report of the Waynick case contains a very comprehensive list of cases supporting the rule that failure to drive within the range of vision is negligence as a matter of law and notwithstanding which the court held such questions were for the jury.

It is to be noted that in *Coca Cola Co. v. Shipp, supra,* the court originally determined that the plaintiff was guilty of contributory negligence as a matter of law, following *Lauson v. Fond du Lac, supra,* and upon rehearing reversed its position announcing that the rule stated therein was too broad and that the better rule was that announced in the case of *Murphy v. Hawthorne, supra.*

Since the establishment of the two rules, the ownership and use of automobiles and motor driven vehicles have increased tremendously and numerous cross-continental, inter and intra state highways have been laid out, improved and perfected. In some states certain portions of these highways, commonly termed speedways, have been set aside for exclusive automobile travel.

Improved highways tend to increase vehicular traffic and commercial transportation of passengers and freight

by bus or truck. Short haul motor trucking at night in the vicinity of our larger cities and towns has grown tremendously as also the consequent menace of colliding with such trucks when not properly lighted. Traffic congestion, especially within the environs of large cities, has become a problem awaiting solution.

Automobiles have undergone radical changes and improvements tending toward greater safety for both driver and pedestrian, for example, four wheel brakes, non-skid tires and windshields affording wider vision.

Having in view all of these circumstances and others which might be mentioned and that seldom, if ever, two accidents involve identical facts, it seems to us that it would be illogical and unwise to establish the inflexible rule of contributory negligence here contended for. What might not be contributory negligence on a speedway, might reasonably be held contributory negligence upon a congested city street. It would appear unreasonable to hold that one must stop within the range of his vision in a case where to so stop would place the driver in the position of imminent danger of collision with an automobile known to be approaching from the rear or in the event of a sudden emergency requiring immediate judgment, for example, a laborer climbing out of an undisclosed manhole immediately in front of the car, or in numerous other instances such as were involved in the cases above cited.

Another controlling reason why no such hard and fast rule should be made is that visibility is conditioned upon many factors, such as rain, fog, sleet, snow, dust, approaching blinding lights, strength or weakness of eyesight, extreme heat and cold, character and condition of landscape, road and traffic, color, size and light reflecting quality of the vehicle, person or object encountered.

Under these circumstances, the invocation of such an inflexible rule of law would invade the province of the jury to determine whether, under all the circumstances in

evidence, the accident would or would not have occurred but for plaintiff's negligence.

We are not advised of any method whereby the efficacy of a judicial establishment of a legal inflexible standard of negligence can be determined. If the rule contended for be wise and salutary, the creation thereof is for the legislature and not the courts.

Reverting to the instant case, plaintiff's son, on cross-examination, testifying that he was blinded by the bright lights of an approaching car, did not mean that his vision was impaired to such an extent that he could not have seen a red light on defendant's truck if one had been there. Notwithstanding the failure of defendant to properly light the rear end of his truck and that it was not seen by plaintiff's son until he reached a point approximately ten feet therefrom, still he almost avoided colliding with it. Even assuming that he was negligent under the circumstances in approaching the car at the rate of speed testified to, we cannot say as a matter of law that his negligence contributed to the accident because reasonable men might differ as to whether defendant's failure to light the rear end of his truck was not the sole and proximate cause of the accident.

We have repeatedly held that where facts are disputed or inferences therefrom are reasonably disputable, the question is one for the jury. *Denver & R. G. R. R. Co. v. Spencer,* 27 Colo. 313, 61 Pac. 606; *Monarch M. & D. Co. v. DeVoe,* 36 Colo. 270, 85 Pac. 633; *Vindicator C. G. M. Co. v. Firstbrook,* 36 Colo. 498, 86 Pac. 313; *Williams v. Sleepy Hollow M. Co.,* 37 Colo. 62, 86 Pac. 337; *Colorado Mid. Ry. Co. v. Brady,* 45 Colo. 203, 101 Pac. 62; *Gregoric v. Percy-LaSalle Co.,* 52 Colo. 495, 122 Pac. 785; *Phillips v. Denver Co.,* 53 Colo. 458, 128 Pac. 460; *Louthan v. Peet,* 66 Colo. 204, 179 Pac. 135; *Martin v. Carruthers,* 69 Colo. 464, 195 Pac. 105; *Rocky Mt. Fuel Co. v. Tucker,* 72 Colo. 308, 211 Pac. 383; *Janeskie v. Kaib,* 76 Colo. 148, 230 Pac. 392; *Denver A. M. & P. Co. v. Erickson,* 77 Colo. 583, 239 Pac. 17.

An exhaustive examination of all the cases cited by counsel and those found by independent investigation reinforces our conviction that, in such cases as here under consideration, the question of contributory negligence is one for the jury.

A jury having been expressly waived and the county court having determined that the sole and proximate cause of plaintiff's injury was defendant's negligence, even though our conclusions might be different, we must not act as appellate jurors.

Judgment affirmed.

MR. JUSTICE BUTLER concurring.

Because this case is controlled by *Arps v. Denver,* 82 Colo. 189, 257 Pac. 1094, I concur in the result. In that case the trial court followed the rule, supported then as now by the weight of authority and (it seems to me) by the better reason, that one who drives an automobile at such a rate of speed that he will be unable to stop within the range of his vision is guilty of negligence as a matter of law. On review, this court held that the trial court committed reversible error in following that rule.

In adopting the minority rule, now the law in this jurisdiction, courts seem to be influenced to some extent —perhaps subconsciously—by the thought that the less the trial judge directs, controls or otherwise influences the judgment of the jury, the better for the administration of justice. My confidence in the jury system reconciles me to the adoption of the minority rule.