[No. 6650.]

## CLARK v. WALLACE.

1. DAMAGES—*Proximate and Remote*—Parties are liable only for the natural and proximate results of their acts, not for those which are remote and could not reasonably have been anticipated—(439).

2. PROXIMATE CAUSE—*When for the Court*—Where the facts are undisputed and susceptible of but one inference, what is the proximate cause of any result is for the court—(439).

The defendant induced the plaintiff's servant in charge of plaintiff's premises to leave them, and go to defendant's assistance. During the servant's absence a fire was kindled upon or near to plaintiff's premises, and was carried by the wind over his field, destroying the crop. *Held,* that neither the kindling of the fire nor the rising of the wind was occasioned by the

servant's absence, and neither was the natural and legitimate sequence of such absence—(439).

*Error to Saguache District Court*—Hon. HENRY HUNTER, Judge.

Mr. CHARLES M. CORLETT and Mr. GEORGE M. CORLETT for plaintiff in error.

Mr. JAMES P. VEERKAMP for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This writ of error was sued out to review a judgment in favor of Wallace, who was defendant below. Clark owned 160 acres of standing peas, upon which he was feeding and fattening about 1200 sheep. The sheep and peas were in charge of a herder in the employ of Clark. The herder lived there with his wife and two children. On a certain day, Wallace, who had a ranch nearby, was engaged in dipping sheep, and it became necessary for him to have more help. He caused Clark's herder to be asked to come over and help in dipping the sheep, and stated that he would pay the herder. After a time the herder came over. While he was at Wallace's, a fire started in or near Clark's field of peas. It was evidently started by the herder's wife, or boy, or both. There was a high wind blowing, and the fire soon got beyond control and extended to the field of peas and destroyed them.

Clark brought an action to recover from Wallace the damages sustained by him on account of the loss of the peas. After the evidence was in, the court instructed the jury to render a verdict in favor of Wallace, which was done, and, upon this verdict, judgment was entered against Clark. We will not stop to consider whether or not Wallace would be liable for any damage that might have resulted to Clark in con-

sequence of the herder being induced to leave his work. If Wallace was liable for any damage at all, which we do not determine, it was only for such damage as was "the actual, natural and approximate result of the wrong committed."—*Clifford v. D., S. P. & P. R. R.,* 9 Colo. 333. "The rule is general that a person is not to be held responsible in damages for the remote consequences of his act, or indeed for any but those which are proximate or natural."—8 Am. & Eng. Ency. of Law, 561. In *D. & R. G. R. R. Co. v. Sipes,* 26 Colo. 17, it is said, that proximate cause is "that cause which, in natural and continued sequence, unbroken by any efficient intervening cause, produced the result complained of, and without which that result would not have occurred;" or "that cause which immediately precedes and directly produces an effect, as distinguished from a remote, mediate, or predisposing cause."

Whether an act was the proximate cause of damage, is ordinarily a question for the jury, but when the facts are undisputed and are susceptible of but one inference, the question is one of law for the court.— *D. & R. G. R. R. Co. v. Sipes, supra.* The only damage that Clark sought to recover, and of which there was any evidence, was that which he had sustained by reason of the burning of the peas. It cannot be said that the natural result of the herder's absence was that some member of his family would start a fire and that the wind would be high and would fan that fire so that it would extend to and destroy the peas. It cannot be said that the herder's absence in natural and continued sequence, unbroken by any efficient, intervening cause, produced the result complained of, for the setting out of the fire by his family was not a natural and continued sequence of the herder's absence, but it was an efficient, intervening cause, coming in after the absence of the herder and could not have been anticipated as a natural result of the ab-

sence.    It cannot be said that, if the herder had been present, the fire would not have been started, or the wind not have been high.    The cause of the fire was not the absence of the herder, but it was plainly the action of his family, and this action was not the natural and legitimate sequence of his absence.    The fire might have been started just as well with him present, on some portion of the 160 acres of peas, and the wind would have blown just as hard. ¡

The substantial facts in this case are undisputed, but if the evidence, on the part of the plaintiff, be alone considered, there is but one inference to be drawn from it and that is, that the absence of the herder was not the proximate cause of the destruction of the peas. The judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.