No. 12,456.

BERKOWITZ *v.* BARRY.
(7 P. [2d] 405)

Decided January 18, 1932.

Mr. G. W. HUMPHREY, for plaintiff in error.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, Mr. WILL SHAFROTH, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

ACTION by Grace Barry, a minor, appearing by her next friend, against Jennie Berkowitz, to recover damages alleged to have resulted from the negligent operation of a truck, while being driven by one MacDermott, an employe of the defendant. Judgment was for the plaintiff upon a verdict of the jury, and defendant assigns error. We refer to Barry as plaintiff and Berkowitz as defendant, as aligned at the trial.

The injury occurred at or near the intersection of Lawrence and Sixteenth streets, in Denver. The several acts of negligence charged are as follows: That Mac-Dermott drove the truck at an excessive and reckless rate of speed; that he made a right-hand turn from Sixteenth street into Lawrence street at about 5:30 p. m., when there was heavy pedestrian traffic, without signalling his approach, and without keeping close to the curb; that he drove over a cross walk without having the truck under his control; that he drove with defective brakes; that the driver's vision was defective, but that he drove without spectacles.

The answer consisted of general and specific denials and allegations of negligence on plaintiff's part. Defendant averred that plaintiff negligently, carelessly and recklessly stepped in front of and ran into the truck, by reason of which she was injured. This was denied by

the replication and the case went to the jury upon the above issues.

There is no dispute that plaintiff's injuries were caused by her being struck by defendant's truck, driven by the latter's employe, while acting in the course of his employment. There was direct testimony to show that the car ran through a caution light and made a wide turn instead of a close turn as required by a Denver ordinance; also that the vision of the truck driver was defective without glasses, that he was accustomed to wearing them, but did not do so at the time because they were being repaired; further, that the driver was speeding, and that defendant was picked up at a distance of from fifty to seventy-five feet from the point where she was struck by the truck.

The accident occurred at an hour when traffic was heavy; it was raining and the streets were muddy. Plaintiff and two girl companions were crossing the street together. They intended to go to a party and were dressed accordingly. To avoid being splashed by an oncoming truck, plaintiff stepped or jumped back and was caught by the truck driven by MacDermott.

Defendant's brief and argument consolidate the several assignments of error under the following headings: 1. Was defendant guilty of negligence? 2. Was plaintiff negligent? 3. Did the court err in denying defendant's motion for a nonsuit and direct verdict? 4. The court erred in refusing to give certain instructions requested by defendant.

1. The first two propositions were questions of fact for the jury to answer. The court, therefore, did not err in denying defendant's motion for a nonsuit and directed verdict. *Arps v. Denver*, 82 Colo. 189, 257 Pac. 1094; *Sprague v. Herbel*, 90 Colo. 134, 6 P. (2d) 930.

2. The court gave twenty instructions to the jury, in which the law involved was fully set forth with clearness and impartiality. We say this with additional confidence since there is a total absence of argument

against such instructions. Defendant assigns error for failure to give several tendered instructions, but to the extent that they were correct or applicable, they were fully covered in the instructions as given. The language of the court in some respects was like that of the requested instructions; in other instances, the words of the court were less apt to convey a wrong impression. The court carefully guarded the rights of both parties and we cannot feel that either parallel columns indicating the similar meaning of the instructions, as refused or given, or the portrayal of fine shades of immaterial differentiations between them, would serve any useful purpose. They do not involve any question of unsettled legal principles, and we find no error in the record.

Judgment affirmed.

MR. JUSTICE BUTLER, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.