No. 16,949.

SCHELL *v.* KULLHEM.
(259 P. [2d] 861)

Decided June 15, 1953.   Rehearing denied July 13, 1953.

Mr. F. NELSON PABST, for plaintiff in error.

Messrs. JANUARY & YEGGE, for defendant in error.

*En Banc.*

MR. JUSTICE CLARK delivered the opinion of the court.

THE parties are here in the same order as they appeared in the trial court, and we will refer to them as plaintiff and defendant.

Plaintiff, in her complaint, alleges that on the 6th day of January, 1951, at or near the intersection of 33rd Avenue and Downing Street in the city of Denver, defendant so negligently, carelessly and recklessly operated his automobile as to cause it to collide with plaintiff, who was crossing said Downing Street, with the result that she was seriously injured, and it was asked that damages be awarded her on account thereof. The cause was tried before a jury, which returned a verdict favorable to defendant, whereupon the trial court later entered judgment dismissing plaintiff's complaint.

The motion for new trial filed on behalf of plaintiff contains six grounds of alleged error. Rearranging somewhat, and condensing the points upon which reliance is placed in the motion, but covering the same general field, counsel for plaintiff here presents five specifications of points: (1.) That the trial court erred in not granting a new trial on grounds of inadequate damages to plain-

tiff; (2) insufficiency of the evidence to show contributory negligence, or assumption of risk, on the part of plaintiff; (3) that the evidence shows the accident to have been caused solely by the negligence of the defendant; (4) that defendant was negligent as a matter of law; (5) that the jury did not follow the court's instructions relative to damages. Neither at the trial, in the motion for new trial, nor in the specifications here, was objection made to the form or substance of any of the instructions given to the jury by the court, nor to the verdict of the jury, nor to its receipt by the court.

■■ It will be noted that points one and five relate to inadequacy of damages, and that the jury failed to follow the court's instructions in this regard. There is no contention that the instructions of the court were in any way objectionable, but simply that the jury failed to follow the instructions relative to the measure of damages. In considering a matter of this kind a jury would have before it two distinct questions, primarily whether plaintiff is entitled to recover, and if so, secondarily, the extent of such recovery. In the instant case the jury determined that the plaintiff was not entitled to recover at all and, under such circumstances, the secondary question of extent of recovery becomes immaterial. The question of inadequacy of damages can become an issue only in event that the verdict of the jury is favorable to the plaintiff, and that, in its consideration of the secondary question, it has overlooked some of the important elements which go to make up a proper and reasonable compensation in its award of damages. Where, as in the instant case, the jury determined the primary issue against plaintiff, it was precluded from awarding damages in her favor in any amount whatsoever.

■ The remaining three assignments relate to the sufficiency and weight of the evidence. It is rare indeed that a factual situation is so clear as to warrant a declaration of negligence as a matter of law. Ordinarily all questions related to a case of this character, including

negligence, contributory negligence, assumption of risk, and proximate cause, are questions of fact for determination by the jury. *Denver & Rio Grande R. R. Co. v. Sipes,* 26 Colo. 17, 55 Pac. 1093; *Clark v. Wallace,* 51 Colo. 437, 118 Pac. 973; *Dillon v. Sterling Rendering Works,* 106 Colo. 407, 106 P. (2d) 358; *McCarthy v. Eddings,* 109 Colo. 526, 127 P. (2d) 883; *Wilson v. Hill,* 103 Colo. 409, 86 P. (2d) 1084.

"Every presumption favors the correctness of the verdict, and that the conclusions and findings of the jury, as the trier of facts, will not be disturbed on review in the absence of a clear showing of passion or prejudice." *Maloney v. Jussell,* 125 Colo. 125, 241 P. (2d) 862, 868.

Where there is conflict in the evidence or it is such that the minds of reasonable men might not be in agreement or draw different inferences therefrom, it is the special province of the jury to make determination of the facts, and under such circumstances its verdict will not be disturbed on review. This principle has many times been declared by this court, and needs no citation of authority; however, if such be deemed advisable, see, *Sprague v. Herbel,* 90 Colo. 134, 6 P. (2d) 930, and cases therein cited; *Berkowitz v. Barry,* 90 Colo. 170, 7 P. (2d) 405; *Stocker v. Newcomb,* 91 Colo. 479, 15 P. (2d) 975; *Ross v. Sherman,* 95 Colo. 346, 35 P. (2d) 1014; *Swanson v. Martin,* 120 Colo. 361, 209 P. (2d) 917; *Gonzales v. Chinn,* 121 Colo. 126, 214 P. (2d) 371; *Maloney v. Jussell, supra.*

Accordingly, the judgment is affirmed.

MR. JUSTICE HOLLAND dissents.