474 P.2d 796 (1970)
MILE HIGH FENCE COMPANY, a Colorado corporation, Plaintiff in Error,
v.
Walter RADOVICH, Defendant in Error.
No. 70-220. (Supreme Court No. 23496.)
Colorado Court of Appeals, Div. II.
July 21, 1970.
Rehearing Denied August 11, 1970.
Certiorari Granted October 1, 1970.
*797 Sheldon, Bayer, McLean & Glasman, George M. Allen, Denver, for plaintiff in error.
Bruno & Bruno, H. D. Reed, Denver, for defendant in error.
Selected for Official Publication.
PIERCE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties appear here in reverse order of their appearance at trial and are referred to in this opinion by their trial court designation.
The matter before this Court for review is the trial court's judgment on the issue of defendant's liability for personal injuries received by plaintiff from stepping into a hole dug by defendant on private property belonging to a third party not here involved. *798 At the time of the accident, plaintiff was a Denver police officer performing his duties.
The record shows that at approximately 11:00 p. m. on February 23, 1966, plaintiff, while conducting surveillance of a known prostitute and her prospective customer, was walking down an alley abutting property on which defendant was constructing a fence. While so doing, he stepped into a hole dug by defendant, located near the edge of the paved portion of the alley, and broke his left leg at the knee. He required hospitalization and treatment commensurate to that injury. He thereafter sued defendant to recover for his injuries, and received judgment.
Uncontroverted testimony showed (1) that the hole into which plaintiff stepped was a post hole, approximately 15 inches in diameter and three feet in depth, dug by defendant in connection with the construction of a fence for the property owners; (2) that the hole was only seven inches removed from the paved portion of the alley; (3) that posts had already been inserted in all other such holes on either side of the subject hole, and that the subject hole was the only one without a post inserted in it; (4) that there were no warning lights, barricades or other protective devices guarding the hole; and (5) that the area was unlit, except for background light coming from the streetlights and business establishments in the surrounding area.
Testimony also indicated that there was sufficient background light for plaintiff to see the existing row of fence posts and other objects in the alley; but that he was unable to see the subject hole and was unaware that he was off of the alley and onto private property. Further, testimony showed that the dirt bordering the hole was level with the alley and was frozen hard; but that some of it was on the paved portion of the alley itself. Finally, although plaintiff had a flashlight in his possession, he did not use it.
Based upon this evidence, the court found defendant liable for creating a hazardous condition which proximately caused plaintiff's injuries, and awarded plaintiff damages.
Defendant assigns as error (1) the trial court's failure to direct a verdict in its favor, on grounds that plaintiff was a licensee on private property at the time of his injury, to whom defendant owed no duty; and (2) the trial court's failure to find plaintiff contributorily negligent as a matter of law.

DIRECTED VERDICT ISSUE
The substance of defendant's first assignment of error is that the trial court erred in not finding that plaintiff, as a police officer coming onto private property for purposes other than the benefit of the owner/occupier of that property, was a licensee by operation of law, to whom the owner/occupier had no duty of care and to whom defendant, as an independent contractor performing work for the owner and therefore standing in the owner's shoes, also had no duty of care.
We have long been restricted by a straightjacket of highly technical and arbitrary classifications as to the duties of landowners in respect to injured entrants, which have often led to confusion in the law and inequity in the results of decided cases. Recovery of an entrant has largely been a matter of chance, dependent upon into which pigeonhole the law put hime. g., "trespasser," "licensee" or "invitee"each of which had radically different consequences in law.
However, a recent trend toward abolishing these rigid concepts has been pronounced (e. g., Rowland v. Christian, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3rd 496, and Taylor v. New Jersey Highway Authority, 22 N.J. 454, 126 A.2d 313). In Colorado, the distinctions have apparently been, if not completely abolished, at least relegated to their proper *799 place. Kenney v. Grice, Colo., 465 P.2d 401. An entrant's status as a "trespasser," "licensee" or "invitee" is no longer controlling, but only one element among many to be considered in determining the landowner's liability under ordinary standards of negligence, with the duty required of the landowner (or the person charged with responsibility for the condition of the land, as in this case) being no more or no less than that of any other alleged tortfeasor: he must conduct himself as a reasonable man under the circumstances, on land which he controls as well as in other places. Comment, TortsOccupier of Land Held to Owe Duty of Ordinary Care to All Entrants"Invitee," "Licensee," and "Trespasser" Distinctions Abolished, 44 N. Y.U.L.Rev. 426 (1969). Except in those cases where reasonable minds could not differ, whether he has done so, or not, is always a question for the finder of fact. Bates v. Stagg, 157 Colo. 456, 404 P.2d 530.
Even though the above categories are a factor which the finder of fact should still consider, the principal question should not be, "In what category shall we place the injured person?", but rather, "Did the owner (or party responsible for the particular condition of the premises) act as a reasonable person in view of the probability of injury to persons entering upon the property?". Kenney, supra, and Rowland, supra.
For purposes of applying this standard to the instant case, we find uncontroverted evidence that defendant dug the hole; that the property involved abutted a public way; that plaintiff, as a member of the general public and notwithstanding his police officer status, had every right to use the public way; that he inadvertently strayed only seven inches from that public way when he stepped into the hole and was injured; that there were no protective or warning devices whatsoever guarding this hole; and that the dirt in the area of the hole was level with the alley so that it was not identifiable as a separate area, readily discernible from the alley.
Under these circumstances, an accident such as occurred in the instant case was entirely foreseeable, and it was proper for the court to conclude that some protective measures should have been taken.
We therefore hold that the trial court was correct in refusing to direct a verdict for defendant on the ground that it owed the plaintiff no duty.

CONTRIBUTORY NEGLIGENCE ISSUE
Defendant argues that plaintiff was contributorily negligent as a matter of law when he failed to use his flashlight to illuminate the subject hole. We disagree.
The court determined that plaintiff was not contributorily negligent for failing to use his flashlight (finding that had he done so, he would probably have revealed his presence to the parties he was following). The court had before it evidence of sufficient background light for plaintiff to see the row of fence posts along the alley and other obstacles in the area (e. g., a phone pole); and evidence that plaintiff was walking cautiously. On the other hand, there was no evidence before the court indicating plaintiff knew, or should have known, that there was an open post hole or any other such hazard on the subject property so close to the alley. Further, since plaintiff could see a row of fence posts already in place, he could reasonably assume, if he assumed anything, that there were no unfilled post holes in between them.
Issues of negligence, contributory negligence, proximate cause, and assumption of risk are for the finder of fact to determine. Hilzer v. MacDonald, Colo., 454 P.2d 928. Only in rare cases, when the facts are clear and not in dispute, may the court determine contributory negligence *800 as a matter of law. Schell v. Kullhem, 127 Colo. 555, 259 P.2d 861.
Judgment is affirmed.
COYTE and DUFFORD, JJ., concur.
DUFFORD, Judge, dissenting from the denial of the petition for rehearing.
I would grant the petition. While I remain committed to and approve of the substantive result reached in the announced opinion in this case, its issuance confuses, rather than clarifies, a legal question of major significance and of significant public interest. For what is now a long period of time, our Supreme Court, in measuring the duty of care owed to other parties by the owner of premises, has made status classifications based upon whether the other party was a trespasser, a licensee, or an invitee. The Colorado Jury Instructions, which were prepared as of September 1, 1968 by our Supreme Court's Committee on Civil Jury Instructions, includes nine instructions which relate to such status classifications. By its decision in Kenney v. Grice, Colo., 465 P.2d 401, our Supreme Court strongly indicated an intent to abolish the status classifications and to overrule its prior decisions which created such classifications. However, Kenney v. Grice, supra, does not overrule such cases, nor does it abolish such classifications. Colorado law on this question is therefore unclear at this point in time.
Against such background, our decision in this case can only further confuse the trial bench and bar until the matter is resolved by our Supreme Court. For such reason I would grant the petition for rehearing in this case and preclude a final determination on this question by this court. This court could then request the Supreme Court to accept a certification of the case pursuant to the provisions of C.R.S.1963, 37-21-9 on the grounds that the subject matter of this appeal has significant public interest and involves legal principles of major significance.