AUDREY D. WAY, Appellant, v. MATT HAYES; SHE–
LAM, INC., a Corporation; SHELBY WILLIAMS and
SAM DIAMOND, dba SILVER SLIPPER, Respond–
ents.

No. 6917

September 10, 1973                    513 P.2d 1222

*Daryl EngeBregson,* of Las Vegas, for Appellant.

*Beckley, DeLanoy & Jemison, Chartered,* of Las Vegas, for
Respondents.

## OPINION

By the Court, MOWBRAY, J.:

The appellant, Audrey D. Way, plaintiff below, commenced this action against the respondents to recover damages for injuries to her right hand that occurred when Audrey was playing a slot machine at the Silver Slipper Casino in Las Vegas. The case was tried before a jury that found in favor of the respondents and against Audrey. Audrey has appealed from that verdict and also from an order denying her motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

Audrey's appeal is predicated upon several assignments of error, all of which we reject, and therefore we affirm the judgment below.

1. On the day she was injured, Audrey was playing a slot machine in the Silver Slipper Casino in Las Vegas. Respondent Matt Hayes, a slot machine mechanic employed by Respondent Shelam, Inc., was called by a change girl to repair a clogged slot machine located to the immediate right of the slot machine that Audrey was playing. Audrey's witnesses testified that Hayes approached the slot machine in a disgusted, irritated manner; that he jerked open the door of the clogged machine, causing it to hit Audrey's hand.

Hayes testified differently. He stated that he was not irritated; that when he first came on the scene no one was playing

the slot machine next to the one he was repairing; that he opened the door of the clogged machine a short distance and saw that a Canadian coin was the cause of the trouble. When he saw the coin, he opened the door another few inches, and it was then that Audrey reached for the handle of the slot machine to the left and was struck on the right hand by the slot machine door.

2.  Audrey claims that the trial judge committed reversible error in not permitting her to conduct a courtroom demonstration of the operation of the slot machines. Respondents objected to the proposed demonstration on the ground that there was insufficient evidence as to the spacing between the two slot machines to permit an accurate demonstration of their operation. Notwithstanding the objection, the judge ruled that the demonstration could take place if the slots were placed on their stands as they were in the casino. Although granted a continuance to obtain the stands, Audrey was unable to do so, and consequently the judge refused to permit the demonstration.

Admissibility of evidence of a test or a demonstration depends upon a foundational showing of substantial similarity between the demonstration conducted and the actual conditions. The decision whether to allow a courtroom demonstration rests largely in the discretion of the trial judge, and his decision will not be overturned on appeal absent a clear showing of an abuse of that discretion. Smith v. State, 87 Nev. 84, 482 P.2d 302 (1971). In the instant case, the trial judge refused to allow the demonstration because the spacing condition between the two machines did not simulate the actual positions of the machines at the time of Audrey's accident. Consequently, the court did not abuse its discretion in disallowing the demonstration.

3.  Audrey further complains that the trial judge erred in permitting a defense witness to testify who was not named as a witness in response to interrogatories submitted to the respondents. Since the witness's testimony was directed solely to the question of damage, no prejudice could have resulted, because the jury returned a verdict for the defendants-respondents and never reached the issue of damages. Cf. Schell v. Kullhem, 259 P.2d 861 (Colo. 1953); Crippen v. Pulliam, 380 P.2d 475 (Wash. 1963). For the same reason, Audrey's additional argument, that the court erred in refusing to submit

special interrogatories relating to whether Audrey's retirement from her previous employment was due to the alleged injury to her hand or other disabilities, is meritless.

4. Audrey urges that the judge erred in not granting her a new trial or a judgment notwithstanding the verdict. She claims that, as a matter of law, judgment should have been rendered in her favor. The evidence concerning respondents' alleged negligence and the contributory negligence of Audrey were questions of fact for the jury. While there is a conflict in the evidence as to just what occurred at the time of Audrey's accident, there is substantial evidence in the record to support the jury's verdict in favor of the respondents, and it shall not be disturbed on appeal. B & C Enterprises v. Utter, 88 Nev. 433, 498 P.2d 1327 (1972).

The remaining assignment of error, if error at all, cannot reasonably be deemed to have affected substantial rights, and therefore shall be disregarded. NRS 178.598.

The judgment of the district court is affirmed.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.