## AUTO FAIR, INC., Appellant, *v.* AARON SPIEGELMAN, Respondent.

No. 8305

December 6, 1976                    557 P.2d 273

[Rehearing denied January 19, 1977]

*Cromer, Barker & Michaelson* and *Corby D. Arnold,* Las Vegas, for Appellant.

*Hilbrecht, Jones & Schreck,* Las Vegas; *Walkup, Downing & Sterns; Robert A. Seligson, Inc., Robert A. Seligson* and *Patrick A. Nielson,* San Francisco, California, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The facts that led to this litigation appear in Spiegelman v. Gold Dust Texaco, 91 Nev. 542, 539 P.2d 1216 (1975), where we reversed a district court order and remanded this case for trial on its merits.

After remand, the case was tried before a jury, which returned a $95,000 verdict in favor of Aaron Spiegelman. This appeal, by Auto Fair, Inc., advances several assignments of error, none of which have merit.

Auto Fair first contends the verdict is contrary to the evidence. We have reviewed the testimony in the case and believe it supports the jury's verdict. Way v. Hayes, 89 Nev. 375, 513 P.2d 1222 (1973).

Next, Auto Fair contends the trial court erroneously permitted Spiegelman to withdraw an admission obtained because of the failure to timely respond to a pretrial request for admissions. The request related to a complaint Spiegelman had filed against Gold Dust Texaco and others, charging them with negligence in causing the accident in question. Spiegelman argued, *in limine,* to exclude the admission from evidence. The court, finding no prejudice to Auto Fair and desiring to preserve a presentation of the case on its merits, ruled that under NRCP 36(b) the admission could be withdrawn. Auto Fair has exhibited no prejudice, and none affirmatively appears of record. Since a presentation on the merits was preserved, we are not persuaded that the trial court abused its discretion.

An additional contention is that the prior complaint constituted a party admission that the trial court erroneously excluded from evidence. This contention is without merit under the circumstances of the instant case. The general rule is that inconsistent statements made in a prior proceeding are admissible as party admissions or for the purpose of impeachment. Whittlesea Blue Cab Co. v. McIntosh, 86 Nev. 609, 472 P.2d 356 (1970). In this case, however, the prior proceeding was an action for damages arising out of the same accident involved herein against a defendant that Spiegelman had attempted to join in the instant action. Cf. Spiegelman v. Gold Dust Texaco, *supra.*

Had joinder been granted, respondent's alternative theories of recovery clearly could not have been used as admissions, negating each other. Nevada Rule of Civil Procedure 8(a) specifically permits a plaintiff to assert inconsistent claims for relief. To treat such claims as admissions would defeat the purposes of the liberal pleading provisions of NRCP 8 and render them a trap for the unwary. Parrish v. Atchison, Topeka and Santa Fe Railway Co., 152 F.Supp. 158, 166 (S.D.Cal. 1957). We perceive no reason why a different rule should apply when alternative, inconsistent theories are advanced in separate actions, based on the same transaction, which the litigant tries unsuccessfully to join. In the instant case, Auto Fair vigorously opposed the joinder and succeeded in blocking it. To hold that this success also entitles it to an evidentiary advantage would be legally untenable and equitably indefensible.

It is also contended that the trial court erroneously refused to give an instruction directing a verdict for Auto Fair should the jury find that the plaintiff, the owner, or the operator of the vehicle in question continued to operate it after he acquired knowledge of its dangerous condition. There was evidence that the operator of the vehicle stopped at a gas station shortly before the accident and was told that if he had not stopped, one of the wheels would have fallen off. There was no evidence, however, that he continued his journey with knowledge that any danger persisted. Since the requested instruction was not supported by the evidence, it was properly refused. Johns v. McAteer, 85 Nev. 477, 457 P.2d 212 (1969).

Auto Fair further contends that the trial court erroneously

admitted expert testimony concerning the amount of foot-pounds necessary to tighten lug nuts on Ford automobile wheels. There was no objection to that testimony when it was given; therefore the issue will not be considered on appeal. Bill Stremmel Motors, Inc. v. Kerns, 91 Nev. 110, 111, 531 P.2d 1357 (1975).

The final contention is that Spiegelman's closing argument to the jury was improper, prejudicial, and constituted "an appeal to the sympathy of the jury." Having reviewed the remarks to the jury, we find nothing therein that warrants reversal. Burch v. Southern Pacific, 32 Nev. 75, 104 P. 225 (1909).

Affirmed.[1]

GUNDERSON, C. J., and BATJER, ZENOFF, and THOMPSON, JJ., concur.

---

[1]Present counsel did not represent the appellant, Auto Fair, Inc., in the court below.