HENRIETTA PETRONELLA McCOURT, INDIVIDUALLY AND
AS GUARDIAN AD LITEM FOR SJOERA McCOURT, APPEL-
LANTS, v. J. C. PENNEY CO., INC., A NEW YORK CORPO-
RATION, RESPONDENT.

No. 16102

March 31, 1987                                        734 P.2d 696

*Galatz, Earl & Catalano* and *Daniel F. Polsenberg,* Las Vegas,
for Appellants.

*David Goldwater* and *Gary E. Schnitzer,* Las Vegas, for
Respondent.

## OPINION

*Per Curiam:*

Sjoera McCourt was three and a half years old when she was injured. She was wearing a "hand-me-down" football jersey while playing with matches. Her shirt caught fire and she was burned over 50% of her body. She suffered severe physical and psychological pain as well as some neurological impairment.

Through her mother, Henrietta McCourt, she brought suit claiming that the jersey was unreasonably dangerous because of its highly flammable nature. *See,* Cinnis v. Mapes Hotel Corp., 86 Nev. 408, 470 P.2d 135 (1970). Henrietta also sued claiming negligent infliction of emotional distress. The jury returned a verdict for the respondent, J. C. Penney Co. This appeal followed.

The McCourts assert that the trial judge erred in refusing to admit into evidence certain articles of clothing manufactured of alternative safer fabrics that were available at the time Sjoera's jersey was sold. We agree.

At trial, two experts testified, one for the McCourts and one for J. C. Penney Co. Each agreed that alternative safer fabrics were available at the time Sjoera's jersey was sold. Penney's expert, however, asserted that those fabrics were not commercially feasible. Some of the fabrics, according to the expert, were not "wash and wear." Others were uncomfortable to the touch. Still others would not take certain dyes well. The expert for the McCourts testified to the contrary. He testified that the alternative fabrics were commercially feasible. Thus the issue of commercial feasibility was placed squarely at issue. In particular, the question of comfort was disputed. Penney Co. claimed that it could not sell jerseys made of certain fabrics because the fabrics were not comfortable. The McCourts' expert disagreed, testifying that the alternative fabrics were sufficiently comfortable to be commercially feasible.

The McCourts sought to introduce a number of shirts made of the disputed fabrics. The McCourts wanted the jury to feel the fabrics and decide for themselves whether or not the fabrics were comfortable. Penney Co. objected on the grounds that the garments were not children's football jerseys and thus were not admissible to show that the fabrics were commercially feasible as children's football jerseys. The objection was sustained. The jury was left to decide which expert they believed.

In Way v. Hayes, 89 Nev. 375, 513 P.2d 1222 (1973), we held that the district judge did not abuse his discretion in refusing to allow a courtroom demonstration where the proponent failed to present a foundation that the demonstration was substantially similar to the actual conditions sought to be demonstrated. At issue in *Way* was the question of how the plaintiff's hand came to be injured. The plaintiff claimed that she was hit when a repairman jerked open the door of a nearby slot machine in such a manner as to strike the plaintiff. The defendant disputed that claim. The plaintiff sought to demonstrate that her version of the events was possible, but despite a continuance for the purpose, was not able to show a foundation that her proposed placement of slot machines was similar to the actual placement of the machines.

We find the instant case quite different from *Way*. The evidence was to be introduced to impeach the claim that the fabrics were not comfortable. The garments were made of the same fabric that the expert for the Penney Co. claimed was not comfortable. The jury should have been afforded the opportunity to decide for themselves whether or not the fabrics could be used to manufacture comfortable clothing.

Ordinarily, questions of the probative value of evidence are addressed to the sound discretion of the trial court. We will not disturb that discretion absent a showing of abuse. Way v. Hayes, *supra*. However, where the facts are sharply disputed and the matter is tried to the jury, and there is a proper foundation shown, the court should allow the evidence. On the facts of this case, wherein one expert claimed that the fabrics were not commercially feasible, and another expert testified that the fabrics were commercially feasible, we think it was an abuse of discretion to refuse to allow impeachment of the opinion of the experts.

We cannot say that the error was harmless. Where there is a sharp conflict in the evidence upon essential issues, as in this case, the error is more likely to be found prejudicial. Boyd v. Pernicano 79 Nev. 356, 385 P.2d 342 (1963). The proposed

evidence was not the type of evidence that would but marginally and partially rebut overwhelming evidence to the contrary. It was instead, directly relevant to the impeachment of the expert's opinion.

We find similar error in the exclusion of pages from the J. C. Penney catalogue from the appropriate years. The Penney Co.'s expert testified that modacrylic, a safer fabric, was not commercially feasible because it was not "wash and wear." The proposed advertising admitted that modacrylic is a "wash and wear" fabric. Had the jury been presented with this evidence they might well have found that there was a safer, alternative fabric available that was commercially feasible. Alternative design is one factor for the jury to consider when evaluating whether a product is unreasonably dangerous. Connor v. Skagit Corp., 664 P.2d 1208, 1212 (Wash. 1983). *See also,* Siruta v. Hesston Corp., 659 P.2d 799 (Kan. 1983).

We find it unnecessary to reach the other issues presented. Because we find prejudicial error in excluding the proffered evidence, we reverse and remand for a new trial.