IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE EAGLE AND THE CROSS, LLC, Appellant, vs. BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOMES LOANS SERVICING, LP; AND U.S. BANK, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF SW REMIC TRUST 2015-1, Respondents. | No. 76305 <br><br> FILED <br><br> OCT 24 2019 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). And in *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 133 Nev. 247, 250-51, 396 P.3d 754, 757-58 (2017), this court held that loan servicers such

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-43966

as respondent Bank of America have standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or Fannie Mae. Consistent with these decisions, the district court correctly determined that Bank of America had standing to assert the Federal Foreclosure Bar on Fannie Mae's behalf and that the foreclosure sale did not extinguish the second deed of trust because Fannie Mae owned the secured loan at the time of the sale.[2]

Appellant contends that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect.[3] But we recently held that an HOA foreclosure sale purchaser's putative status as a bona fide purchaser is inapposite when the Federal Foreclosure Bar applies because Nevada law does not require Freddie Mac (or in this case Fannie Mae) to publicly record its ownership interest in the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 849 (2019). Appellant also raises arguments challenging the sufficiency and admissibility of respondents' evidence demonstrating Fannie Mae's interest in the loan and Bank of America's status as the loan's servicer, but we recently addressed and rejected similar arguments with respect to similar evidence.[4] *Id.* at 850-51.

---

[2]We note amicus curiae SFR Investments' policy arguments regarding application of the Federal Foreclosure Bar to a second deed of trust. However, we are not persuaded that those arguments can alter the legal effect of the Federal Foreclosure Bar.

[3]Appellant's reliance on *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), is misplaced because the district court in this case did not grant respondents equitable relief. Rather, the district court determined that the deed of trust survived the foreclosure sale by operation of law (i.e., the Federal Foreclosure Bar).

[4]We are not persuaded that the district court abused its discretion in deciding this case on the merits, given that appellant does not dispute that

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Accordingly, the district court correctly determined that appellant took title to the property subject to the second deed of trust.[5] We therefore

ORDER the judgment of the district court AFFIRMED.[6]

_____ C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:    Hon. Timothy C. Williams, District Judge
The Law Office of Mike Beede, PLLC
Akerman LLP/Las Vegas
Anthony S. Noonan
Kim Gilbert Ebron
Fennemore Craig P.C./Reno
Arnold & Porter Kaye Scholer LLP/Washington DC
Eighth District Court Clerk

---

it was timely provided with respondents' Federal Foreclosure Bar-related evidence. *Cf. Auto Fair, Inc. v. Spiegelman*, 92 Nev. 656, 657, 557 P.2d 273, 274 (1976) (reviewing for an abuse of discretion a district court's decision to permit a party to withdraw admissions). To the extent appellant has raised arguments that were not explicitly addressed in *Daisy Trust*, none of those arguments convince us that the district court abused its discretion in admitting respondents' evidence. 135 Nev., Adv. Op. 30, 445 P.3d at 850 (recognizing that this court reviews a district court's decision to admit evidence for an abuse of discretion).

[5]We decline to consider appellant's arguments that were raised for the first time on appeal, which includes the arguments that the district court lacked any discretion to permit respondents to withdraw their admissions and that such permission could not have been granted absent a formal motion filed under NRCP 36(b). *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[6]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.