**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DWANE ROY MILLER,

         Plaintiff-Appellant,

  v.

DEPUY SYNTHES SALES, INC.,

         Defendant-Appellee,

 and

SYNTHES USA SALES, LLC,

         Defendant.

No.   19-16821

D.C. No.
3:17-cv-00325-RCJ-CBC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted December 7, 2020[**]
San Francisco, California

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,*** District Judge.

Plaintiff Dwayne Miller appeals the district court's entry of summary judgment on his claims for strict liability, negligence, and breach of implied warranty of fitness for a particular purpose. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

We review de novo. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We determine whether there is a genuine dispute as to any material fact, Fed. R. Civ. P. 56(a), and whether the district court correctly applied the relevant substantive law. *See Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017). We view the evidence in the light most favorable to the party against whom summary judgment is granted. *Id*.

1. We first conclude the district court did not err by granting summary judgment for DePuy on Miller's strict liability claim. Under Nevada law, to prevail on a claim of strict products liability for manufacturing or design defect, a plaintiff must prove that: (1) the defendant placed a defective product in the market; (2) the product was defective when it left the defendant's possession, and

---

[***] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

[1] The parties are familiar with the facts and we recount them only as necessary to resolve the issues on appeal.

(3) the defect caused plaintiff's injuries. *Ford Motor Co. v. Trejo*, 402 P.3d 649,

653 (Nev. 2017) (citing *Shoshone Coca–Cola Bottling Co. v. Dolinski*, 420 P.2d

855, 857–58 (Nev. 1966)).[2] Nevada applies the consumer-expectation test to

determine whether a product is defective. *Id.* A product is defective when it

"fail[s] to perform in the manner reasonably to be expected in light of its nature

and intended function and [is] more dangerous than would be contemplated by the

ordinary user." *Id.* (quoting *Ginnis v. Mapes Hotel Corp.*, 470 P.2d 135, 138 (Nev.

1970)). A consumer's reasonable expectation may be influenced by warnings that

accompany a product. *Id.* at 656.

Here, the package inserts that accompanied the device were more than

adequate to satisfy the consumer-expectation test. DePuy provided a warning

insert with the device indicating it could fail if the healing process is delayed,

regardless of whether the patient put weight on the healing bone. The warning

further indicated that all implants are subject to repeated stresses in use and can

break at any time. Even assuming Miller complied with Dr. Dolan's instructions

---

[2] The district court committed legal error when it omitted the second factor of the test from its description of the law—that a plaintiff must show the product was defective when it left defendant's possession. This error was likely harmless because the parties do not contest that, if the product was defective, such a defect was present when it left DePuy's possession.

and did not put weight on his healing leg, the product's warning put a reasonable consumer on notice that in the worst case, the device could fail from wear fatigue.

Alternatively, Miller argues summary judgment was inappropriate because his metallurgist expert testified to the existence of a commercially reasonable alternative design. *McCourt v. J.C. Penney Co.*, 734 P.2d 696, 698 (Nev. 1987) ("Alternative design is one factor for the jury to consider when evaluating whether a product is unreasonably dangerous."). Miller forfeited this argument by failing to brief the issue before the district court. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.").

2.      We next conclude the district court did not err by granting summary judgment for DePuy on Miller's negligence claim. The elements of a negligence claim under Nevada law are: (1) an existing duty of care; (2) breach; (3) legal causation; and (4) damages. *Turner v. Mandalay Sports Ent., LLC*, 180 P.3d 1172, 1175 (Nev. 2008). The portion of the district court's order regarding Miller's negligence claim was brief but we may affirm on any ground supported by the record. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). We conclude Miller failed to present evidence that DePuy breached its duty of care by acting unreasonably in testing the device. Miller cites the deposition testimony of

4

Peter Van Citters, DePuy's employee, who testified that DePuy had not tested what would happen if screws broke but the implant's plate remained intact.[3] But Van Citters also testified that DePuy did not perform further testing because their goal was to avoid any failure whatsoever. Miller fails to explain why this method of testing breached DePuy's duty of care.

Miller's reliance on his expert, Dr. Anderson, fares no better. Dr. Anderson acknowledged he was only performing an analysis of the cause of the failure. At his deposition, Dr. Anderson testified there was nothing wrong with the alloy and material used to make the device. And Dr. Anderson also explained that because he is not a medical doctor, he did not investigate or form an opinion on whether DePuy breached its duty of care in manufacturing the product.

3.      Finally, we conclude the district court did not err by granting summary judgment on Miller's claim for breach of implied warranty of fitness for a particular purpose. First, DePuy did not warrant any particular purpose of the device to Miller. Second, Nevada law does not allow an implied warranty claim in the absence of privity between the parties. *See* Nev. Rev. Stat. § 104.2315; *Amundsen v. Ohio Brass Co.*, 513 P.2d 1234, 1235 (Nev. 1973) (no breach of implied warranty claim absent legal relationship between consumer and

---

[3]      Miller did not plead a theory of negligent testing in his complaint.

5

manufacturer).  Miller's claim fails as a matter of law because he did not provide evidence that he was in privity with DePuy.

**AFFIRMED.**

Plaintiff-appellant to bear costs.